**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : |
| | : |
| WILLIAM E. MAPP, III, WARREN K. PAXTON, JR., CALEB J. WHITE, and SERVERGY, INC., | : |
| | : |
| Respondents. | : |
| | : |

Civ. Action No. 4:16-cv-00246

## RULE 26(f) CONFERENCE REPORT

Plaintiff Securities and Exchange Commission ("Commission") and Respondents William E. Mapp, III and Warren K. Paxton, Jr., pursuant to Federal Rule of Civil Procedure 26 ("Rule 26"), respectfully submit this Rule 26(f) Conference Report.

## I.  Brief Factual and Legal Synopsis of the Case

The Commission alleges that Mr. Mapp engaged in fraud in the offer and sale of securities, in violation Section 17(a) of the Securities Act of 1933, 15 U.S.C. § 77q(a) (First Claim); fraud in connection with the purchase or sale of securities, in violation of Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5 (Second Claim); and the unregistered offer and sale of securities, in violation of Section 5 of the Securities Act of 1933, 15 U.S.C. § 77e (Third Claim).  The claims all stem from the alleged offer and sale of securities of Servergy, Inc.  Mr. Mapp has filed an answer to the Commission's complaint denying that he violated the law.

The Commission also alleges that Mr. Paxton engaged in fraud in the offer and sale of securities, in violation Section 17(a) of the Securities Act of 1933, 15 U.S.C. § 77q(a) (First Claim); engaged in fraud in connection with the purchase or sale of securities, in violation of Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5 (Second Claim); improperly touted securities, in violation of Section 17(b) of the Securities Act of 1933, 15 U.S.C. § 77q(b) (Fourth Claim); and operated as an unregistered broker, in violation of Section 15(a) of the Securities Exchange Act of 1934, 15 U.S.C. § 78o(a) (Fifth Claim).

Mr. Paxton has filed a motion to dismiss the Commission's claims pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6) for failure to state a claim on which relief can be granted.  The Commission intends to file a brief in opposition to Mr. Paxton's motion on July 5, 2016.  Mr. Paxton intends to file a reply brief in support of his motion on July 15, 2016.

## II.      Jurisdictional Basis for the Suit

The Court has jurisdiction over this action pursuant to Sections 20 and 22(a) of the Securities Act, 15 U.S.C. §§ 77t, 77v(d), and Sections 21(d) and 27(a) of the Securities Exchange Act, 15 U.S.C. §§ 78u, 78aa(a).  Venue is proper in this district under Section 22(a) of the Securities Act and Section 27(a) of the Securities Exchange Act, 15 U.S.C. §§ 77v(a), 78aa(a).

## III.      Initial Mandatory Disclosures

The parties have agreed to make their initial mandatory disclosures as required by  Rule 26(a)(1) by Friday, July 8, 2016.

**IV.      Agreement Among Parties Regarding Privilege Claims**

The parties have agreed that, unless a party specifically requests discovery of such, a party, in responding to a discovery request, is not required to prepare a privilege log with respect to communications dated on or after April 11, 2016.

**V.       Persons to Be Deposed**

The Commission does not anticipate that it will need more than ten (10) depositions.  During the Rule 26(f) conference, counsel for Mr. Paxton inquired whether the Commission intended to introduce evidence concerning allegedly defrauded investors beyond the three referenced in the Complaint (Investor 1, Investor 2, and the recipient of the July 23, 2011 email that Mr. Paxton allegedly forwarded), as this information was necessary in order for counsel for Mr. Paxton to evaluate the number of depositions needed.[1]

Mr. Paxton states that, during the Rule 26(f) conference, counsel for the Commission acknowledged that Mr. Paxton's request was reasonable and committed to provide a list of investors who would form the basis for the Commission's claims by Monday, June 27, 2016.  On Tuesday, June 28, 2016, counsel for the Commission sent an email advising that they would not provide such a list prior to the required Rule 26(a)(1) initial disclosures.

The Commission states that it will provide, in its initial disclosures, a list of individuals it believes Mr. Paxton contacted regarding Servergy, along with the known contact information and a description of each such individual's relevant knowledge.  Because Messrs. Mapp and Paxton believe that such a list will not adequately specify those potential investors on which the Commission intends to base its claims, they intend to serve interrogatories on the Commission seeking that information.

---

[1] Mr. Paxton does not concede that, given the pleading requirements of Federal Rule of Civil Procedure 9(b), the Commission would be permitted to base its fraud claims on investors other than those identified with particularity in the Complaint.

Until that information is provided, Messrs. Mapp and Paxton state that they will not be in a position to identify all of the people whom they may need to depose.  Based on the limited information available to Messrs. Mapp and Paxton at this time, they have identified approximately fifteen (15) witnesses whom they intend to depose.  The Commission has no objection to this number of depositions by the defense.

**VI.      Expert Discovery**

The parties request that the expert disclosures required by Rule 26(a)(2) be made thirty (30) days before the close of fact discovery, with responsive expert disclosures to be made fifteen (15) days thereafter.  The parties request that the deadline for expert depositions be fifteen (15) days after the close of fact discovery.

**VII.      Preservation and Disclosure of ESI**

The parties do not anticipate any issue with the disclosure of ESI in a form and format they all can use.

**VIII.      Protective Order Under Rule 26(c)**

The parties do not anticipate asking the Court to enter any protective orders pursuant to Rule 26(c).

**IX.      Proposed Scheduling Order**

The Commission proposes that the final pretrial conference in this matter be set on a date certain in June 2017, with a trial to commence in July 2017 and fact discovery to remain open until April 3, 2017.  Should the Court prefer a later date as requested by Messrs. Mapp and Paxton, counsel for the Commission informs the Court of longstanding family vacation plans for August 12-25, 2017.

Mr. Paxton initially requested a final pretrial conference in August 2017, with a trial to commence in September 2017.  Mr. Paxton believes that the final pretrial conference can be held

prior to the vacation of counsel for the Commission with trial to commence in mid-September 2017.  Nevertheless, when counsel for the Commission advised as to his vacation plans, Mr. Paxton stated that a trial starting in early October 2017 would be acceptable.  In either event, Mr. Paxton requests that fact discovery in this matter remain open through Friday, May 26, 2017.  Mr. Paxton has been charged by criminal indictment in Collin County, Texas concerning events that, on information and belief, overlap in significant respect with the events at issue in this matter.  It is projected that the state criminal trial will occur sometime in the spring of 2017.

Mr. Mapp has no objection to Mr. Paxton's scheduling request.

## X.       Estimated Duration of Trial

The Commission has requested a trial by jury.  Messrs. Mapp and Paxton also request a trial by jury.  The Commission estimates that its case-in-chief in this matter will last two weeks. Messrs. Mapp and Paxton state that, until the Commission discloses its witnesses and the Commission and Mr. Mapp determine whether they will present expert witnesses, they lack sufficient information to estimate the amount of trial time needed to respond to the Commission's case-in-chief.

## XI.      Counsel Appearing for the Parties

The Commission will be represented by Matthew Gulde, Jessica Magee, and Samantha Martin.  Mr. Mapp will be represented by Jason Lewis and David Klaudt.  Mr. Paxton will be represented by Matthew Martens, Jaclyn Moyer, William Mateja, and J. Mitch Little.

Dated:  July 1, 2016

Respectfully submitted,

/s/ Matthew T. Martens
Matthew T. Martens (*pro hac vice*)
(Lead Counsel)
D.C. Bar No. 1019099
Jaclyn N. Moyer (*pro hac vice*)
D.C. Bar No. 492284
Kevin Gallagher (*pro hac vice*)
D.C. Bar No. 1031415
Wilmer Cutler Pickering Hale and Dorr LLP
1875 Pennsylvania Ave. NW
Washington, DC 20006
Tel: (202) 663-6000
Fax: (202) 663-6363
Matthew.Martens@wilmerhale.com

William B. Mateja
Texas Bar No. 13185350
Polsinelli LLP
2950 N. Harwood
Suite 2100
Dallas, TX 75201
Tel: (214) 754-5751
Fax: (214) 397-0033
Mateja@polsinelli.com

J. Mitchell Little
Texas Bar No. 24043788
Scheef & Stone, LLP
2600 Network Blvd., Ste. 400
Frisco, TX 75034
Tel: (214) 472-2140
Fax: (214) 472-2150
Mitch.Little@solidcounsel.com

*Attorneys for Respondent Warren K. Paxton, Jr.*

/s/ Jason S. Lewis
Jason S. Lewis
Texas Bar No. 24007551
David W. Klaudt
Texas Bar No. 00796073

Greenberg Traurig, LLP
2200 Ross Avenue
Suite 5200
Dallas, TX 75201
Email: lewisjs@gtlaw.com
Tel: (214) 665-3600
Fax: (214) 665-3601

*Counsel for Respondent William E. Mapp, III*


/s/ Matthew J. Gulde
Matthew J. Gulde
Illinois Bar No. 6272325
Jessica B. Magee
Texas Bar No. 24037757
Samantha S. Martin
Texas Bar No. 24065090
U.S. Securities and Exchange Commission
801 Cherry Street, Unit 18
Fort Worth, TX 76102
Tel: (817) 978-3821
Fax: (817) 978-4927
Email: guldem@sec.gov

*Counsel for Plaintiff Securities and Exchange
Commission*

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
SHERMAN DIVISION**

---------------------------------------------------------------------------------- :

SECURITIES AND EXCHANGE
COMMISSION,                                                                       :

                          Plaintiff,                      :

                    v.                                        :

WILLIAM E. MAPP, III,                                                            :
WARREN K. PAXTON, JR.,
CALEB J. WHITE, and                                                              :
SERVERGY, INC.,

                     Respondents.           :

---------------------------------------------------------------------------------- :

Civ. Action No. 4:16-cv-00246

**CERTIFICATE OF SERVICE**

I hereby certify that, on the date set forth below, the Rule 26(f) Conference Report was

electronically filed with the Clerk of the Court through the CM/ECF system, which will send

notices of electronic filing to all counsel of record:

| | |
|---|---|
| Matthew J. Gulde<br>Jessica B. Magee<br>Samantha S. Martin<br>U.S. Securities and Exchange Commission<br>801 Cherry Street, Unit 18<br>Fort Worth, TX 76102<br>Email: guldem@sec.gov<br>*Counsel for Plaintiff SEC* | Jason S. Lewis<br>David W. Klaudt<br>Greenberg Traurig, LLP<br>2200 Ross Avenue<br>Suite 5200<br>Dallas, TX 75201<br>Email: lewisjs@gtlaw.com<br>*Counsel for Respondent William E. Mapp, III* |

/s/_Matthew T. Martens_____

Date:  July 1, 2016