**THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **SECURITIES AND EXCHANGE** | § | |
| **COMMISSION,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | **Case No.: 4:16-CV-00246** |
| **WILLIAM E. MAPP, III,** | § | |
| **WARREN K. PAXTON, JR.,** | § | |
| **CALEB J. WHITE, and** | § | |
| **SERVERGY, INC.** | § | |
| **Defendants.** | § | |
| | § | |
| | § | |

---

### WILLIAM E. MAPP, III'S FIRST AMENDED ANSWER

---

Defendant William E. Mapp, III ("Mapp") files this First Amended Answer ("Amended Answer") to the Plaintiff's First Amended Complaint ("Amended Complaint") as follows:

The numbered paragraphs below correspond to the numbered paragraphs of the Amended Complaint. Mapp denies the unnumbered text and headings contained in the Amended Complaint. To the extent Plaintiff's assertions constitute legal conclusions, no response is required by Mapp. To the extent that Plaintiff refers to or characterizes the contents of documents, Mapp states that the documents' contents speak for themselves.

#### NATURE OF THE ACTION

1.    Mapp is without sufficient information to form a belief as to the truth of the allegations contained in paragraph 1, and therefore denies the allegations.

2.    Mapp denies the allegations contained in paragraph 2.

3.      Mapp denies the allegations contained in paragraph 3.

4.      Mapp denies the allegations contained in paragraph 4.

## DEFENDANTS

5.      Mapp admits the first sentence in paragraph 5.  Mapp denies the second sentence in paragraph 5.  Mapp is without sufficient information to form a belief as to the truth of the allegations contained in the third sentence in paragraph 5; therefore, Mapp denies the allegations. Mapp denies the remaining allegations contained in paragraph 5.

6.      Mapp denies the allegations contained in the first sentence of paragraph 6.  Mapp admits that he co-founded Servergy and served as its CEO from August 2009 to September 2014. Mapp denies the remaining allegations in the second sentence of paragraph 6.  Mapp admits that he had signatory authority over Servergy's bank accounts while CEO. Mapp denies the remaining allegations in paragraph 6.

7.      Mapp denies the allegations contained in the fourth sentence of paragraph 7. Mapp is without sufficient information to form a belief as to the truth of the remaining allegations contained in paragraph 7; therefore, Mapp denies the allegations.

8.      Mapp admits that Caleb White joined Servergy's board in September 2011. Mapp is otherwise without sufficient information to form a belief as to the truth of the remaining allegations contained in paragraph 8; therefore, Mapp denies the remaining allegations.

## JURISDICTION AND VENUE

9.      Paragraph 9 is a legal conclusion to which no response is required.  To the extent any response is required, Mapp denies the allegations contained in paragraph 9.

10.      Paragraph 10 is a legal conclusion to which no response is required.  To the extent any response is required, Mapp denies the allegations contained in paragraph 10.

WILLIAM E. MAPP, III'S FIRST AMENDED ANSWER - PAGE 2

11.     Paragraph 11 is a legal conclusion to which no response is required.  To the extent any response is required, Mapp denies the allegations contained in paragraph 11.

12.     Paragraph 12 is a legal conclusion to which no response is required.  To the extent any response is required, Mapp denies the allegations contained in paragraph 12.

## FACTUAL ALLEGATIONS

13.     Mapp denies the allegations contained in paragraph 13.

14.     Mapp admits that from November 2009 to January 2013 he acted as Servergy's CEO and Chairman. Mapp denies the remaining allegations contained in paragraph 14.

15.     Mapp denies the allegations contained in paragraph 15.

16.     Mapp admits that he hosted presentations, in person and virtually through webinars, regarding investment opportunities in Servergy. Mapp denies the remaining allegations contained in paragraph 16.

17.     Mapp admits that Servergy provided prospective investors offering documents including a Confidential Memorandum ("CIM") and subscription agreement.  Mapp denies the remaining allegations contained in paragraph 17.

18.     Mapp denies the allegations contained in paragraph 18.

19.     Mapp admits that Servergy engaged WFG Investments, Inc. ("WFG") to raise approximately $20 million.  Mapp denies the remaining allegations contained in paragraph 19.

20.     Mapp is without sufficient information to form a belief as to the truth of the allegations contained in paragraph 20; therefore, Mapp denies the allegations.

21.     Mapp is without sufficient information to form a belief as to the truth of the allegations contained in the first sentence of paragraph 21; therefore, Mapp denies the allegations.  Mapp denies the remaining allegations contained in paragraph 21.

22.     Mapp denies the allegations contained in paragraph 22.

23.     Mapp denies the allegations contained in paragraph 23.

24.     Mapp admits that Servergy implemented a pre-order program in August 2012. Mapp denies the remaining allegations contained in paragraph 24.

25.     Mapp denies the allegations contained in paragraph 25.

26.     Mapp denies the allegations contained in paragraph 26.

27.     Mapp denies the allegations contained in paragraph 27.

28.     Mapp denies the allegations contained in paragraph 28.

29.     Mapp denies the allegations contained in paragraph 29.

30.     Mapp denies the allegations contained in paragraph 30.

31.     Mapp denies the allegations contained in paragraph 31.

32.     Mapp admits the first sentence of paragraph 32.   Mapp denies the remaining allegations contained in paragraph 32.

33.     Mapp admits the first sentence of paragraph 33.   Mapp denies the remaining allegations contained in paragraph 33.

34.     Mapp denies the allegations contained in paragraph 34.

35.     Mapp denies the allegations contained in paragraph 35.

36.     Mapp denies the allegations contained in paragraph 36.

37.     Mapp denies the allegations contained in paragraph 37.

38.     Mapp admits that during his tenure at Servergy that Freescale never purchased a CTS-1000. Mapp denies the remaining allegations contained in paragraph 38.

39.     Mapp denies the allegations contained in paragraph 39.

40.     Mapp states that the email communication at issue between himself and the Servergy executive team speaks for itself and denies the accuracy of Plaintiff's characterizations and descriptions of such communication in this paragraph; therefore, Mapp denies the allegations contained in paragraph 40.

41.     Mapp is without sufficient information to form a belief about the truth of the allegations contained in paragraph 41; therefore, Mapp denies the allegations contained in paragraph 41.

42.     Mapp is without sufficient information to form a belief about the truth of the allegations contained in paragraph 42; therefore, Mapp denies the allegations contained in paragraph 42.

43.     Mapp denies the allegations contained in paragraph 43.

44.     Mapp is without sufficient information to form a belief about the truth of the allegations contained in paragraph 44; therefore, Mapp denies the allegations contained in paragraph 44.

45.     Mapp denies the allegations contained in paragraph 45.

46.     Mapp is without sufficient information to form a belief about the truth of the allegations contained in paragraph 46; therefore, Mapp denies the allegations contained in paragraph 46.

47.     Mapp admits that in October 2012 Koerr's CTO signed a Servergy pre-order form for 1,000 units.  Mapp denies the remaining allegations contained in paragraph 47.

48.     Mapp is without sufficient information to form a belief about the truth of the allegations contained in paragraph 48; therefore, Mapp denies the allegations contained in paragraph 48.

49.     Mapp is without sufficient information to form a belief about the truth of the allegations contained in paragraph 49; therefore, Mapp denies the allegations contained in paragraph 49.

50.     Mapp denies the allegations contained in paragraph 50.

51.     Mapp denies the allegations contained in paragraph 51.

52.     Mapp denies the allegations contained in paragraph 52.

53.     Mapp denies the allegations contained in paragraph 53.

54.     Mapp denies the allegations contained in paragraph 54.

55.     Mapp is without sufficient information to form a belief about the truth of the allegations contained in paragraph 55; therefore, Mapp denies the allegations contained in paragraph 55.

56.     Mapp denies the allegations contained in paragraph 56.

57.     Mapp denies the allegations contained in paragraph 57.

58.     Mapp denies the allegations contained in paragraph 58.

59.     Mapp denies the allegations contained in paragraph 59.

60.     Mapp denies the allegations contained in paragraph 60.

61.     Mapp is without sufficient information to form a belief about the truth of the allegations contained in the first sentence of paragraph 61; therefore, Mapp denies the allegations.  Mapp denies the remaining allegations contained in paragraph 61.

62.     Mapp is without sufficient information to form a belief about the truth of the allegations contained in paragraph 62; therefore, Mapp denies the allegations contained in paragraph 62.

63.     Mapp is without sufficient information to form a belief about the truth of the allegations contained in paragraph 63; therefore, Mapp denies the allegations contained in paragraph 63.

64.     Mapp denies the allegations contained in paragraph 64.

65.     Mapp is without sufficient information to form a belief about the truth of the allegations contained in paragraph 65; therefore, Mapp denies the allegations contained in paragraph 65.

66.     Paragraph 66 is a legal conclusion to which no response is required. To the extent any response is required, Mapp denies the allegations and statements contained in paragraph 66.

67.     Mapp denies the allegations contained in paragraph 67.

68.     Mapp is without sufficient information to form a belief about the truth of the allegations contained in paragraph 68; therefore, Mapp denies the allegations contained in paragraph 68.

69.     Mapp is without sufficient information to form a belief about the truth of the allegations contained in paragraph 69; therefore, Mapp denies the allegations contained in paragraph 69.

70.     Mapp denies the allegations contained in paragraph 70.

71.     Mapp admits that he informed White that Servergy could only accept direct investments from accredited investors. Mapp denies the remaining allegations contained in paragraph 71.

72.     Mapp is without sufficient information to form a belief about the truth of the allegations contained in paragraph 72; therefore, Mapp denies the allegations contained in paragraph 72.

73.     Mapp admits that White joined Servergy's board in September 2011. Mapp denies the remaining allegations in paragraph 73.

74.     Mapp denies the allegations contained in the first sentence of paragraph 74. Mapp is without sufficient information to form a belief about the truth of the remaining allegations contained in paragraph 74; therefore, Mapp denies the remaining allegations contained in paragraph 74.

75.     Mapp is without sufficient information to form a belief about the truth of the allegations contained in paragraph 75; therefore, Mapp denies the allegations contained in paragraph 75.

76.     Mapp is without sufficient information to form a belief about the truth of the allegations contained in paragraph 76; therefore, Mapp denies the allegations contained in paragraph 76.

77.     Mapp is without sufficient information to form a belief about the truth of the allegations contained in paragraph 77; therefore, Mapp denies the allegations contained in paragraph 77.

78.     Mapp is without sufficient information to form a belief about the truth of the allegations contained in paragraph 78; therefore, Mapp denies the allegations contained in paragraph 78.

79.     Mapp is without sufficient information to form a belief about the truth of the allegations contained in paragraph 79; therefore, Mapp denies the allegations contained in paragraph 79.

80.     Mapp is without sufficient information to form a belief about the truth of the allegations contained in paragraph 80; therefore, Mapp denies the allegations contained in paragraph 80.

81.     Mapp is without sufficient information to form a belief about the truth of the allegations contained in paragraph 81; therefore, Mapp denies the allegations contained in paragraph 81.

82.     Mapp is without sufficient information to form a belief about the truth of the allegations contained in paragraph 82; therefore, Mapp denies the allegations contained in paragraph 82.

83.     Mapp is without sufficient information to form a belief about the truth of the allegations contained in paragraph 83; therefore, Mapp denies the allegations contained in paragraph 83.

84.      Mapp admits that he met Ken Paxton for the first time to discuss Servergy on July 12, 2011. Mapp states that the email communication speaks for itself and denies the accuracy of Plaintiff's characterizations and descriptions of such communication in paragraph 84. Mapp is without sufficient information to form a belief about the truth of the remaining allegations contained in paragraph 84; therefore, Mapp denies the remaining allegations contained in paragraph 84.

85.     Mapp states that the email communication speaks for itself and denies the accuracy of Plaintiff's characterizations and descriptions of such communication in paragraph 85; therefore, Mapp denies the allegations contained in paragraph 85.

86.     Mapp states that the email communication speaks for itself and denies the accuracy of Plaintiff's characterizations and descriptions of such communication in paragraph 86; therefore, Mapp denies the allegations contained in paragraph 86.

87.     Mapp is without sufficient information to form a belief about the truth of the allegations contained in paragraph 87; therefore, Mapp denies the allegations contained in paragraph 87.

88.     Mapp is without sufficient information to form a belief about the truth of the allegations contained in paragraph 88; therefore, Mapp denies the allegations contained in paragraph 88.

89.     Mapp is without sufficient information to form a belief about the truth of the allegations contained in paragraph 89; therefore, Mapp denies the allegations contained in paragraph 89.

90.     Mapp is without sufficient information to form a belief about the truth of the allegations contained in paragraph 90; therefore, Mapp denies the allegations contained in paragraph 90.

91.     Mapp is without sufficient information to form a belief about the truth of the allegations contained in paragraph 91; therefore, Mapp denies the allegations contained in paragraph 91.

92.     Mapp denies that Paxton had a secret compensation agreement with Servergy or a secret agreement with Mapp. Mapp is without sufficient information to form a belief about the truth of the remaining allegations contained in paragraph 92; therefore, Mapp denies the allegations contained in paragraph 92.

93.     Mapp is without sufficient information to form a belief about the truth of the allegations contained in paragraph 93; therefore, Mapp denies the allegations contained in paragraph 93.

94.     Mapp denies that there was a commission agreement. Mapp is without sufficient information to form a belief about the truth of the remaining allegations contained in paragraph 94; therefore, Mapp denies the allegations contained in paragraph 94.

95.     Mapp is without sufficient information to form a belief about the truth of the allegations contained in paragraph 95; therefore, Mapp denies the allegations contained in paragraph 95.

96.     Mapp is without sufficient information to form a belief about the truth of the allegations contained in paragraph 96; therefore, Mapp denies the allegations contained in paragraph 96.

97.     Mapp is without sufficient information to form a belief about the truth of the allegations contained in paragraph 97; therefore, Mapp denies the allegations contained in paragraph 97.

98.     Mapp is without sufficient information to form a belief about the truth of the allegations contained in paragraph 98; therefore, Mapp denies the allegations contained in paragraph 98.

99.     Mapp denies that there was a secret commission agreement. Mapp is without sufficient information to form a belief about the truth of the remaining allegations contained in paragraph 99; therefore, Mapp denies the allegations contained in paragraph 99.

100.    Mapp is without sufficient information to form a belief about the truth of the allegations contained in paragraph 100; therefore, Mapp denies the allegations contained in paragraph 100.

101.    Mapp is without sufficient information to form a belief about the truth of the allegations contained in paragraph 101; therefore, Mapp denies the allegations contained in paragraph 101.

102.    Mapp states that the email communication described in the fourth sentence speaks for itself and denies the accuracy of Plaintiff's characterizations and descriptions of such communication in paragraph 102. Mapp is without sufficient information to form a belief about the truth of the remaining allegations contained in paragraph 102; therefore, Mapp denies the remaining allegations contained in paragraph 102.

103.    Mapp denies the allegations contained in the second sentence of paragraph 103. Mapp is without sufficient information to form a belief about the truth of the remaining allegations contained in paragraph 103; therefore, Mapp denies the allegations.

104.    Mapp is without sufficient information to form a belief about the truth of the allegations contained in sentences one and three in paragraph 104.  Mapp denies the last sentence in paragraph 104.  Mapp states that the email communications speak for themselves and denies the accuracy of Plaintiff's characterizations and descriptions of such communications in paragraph 104; therefore, Mapp denies the remaining allegations contained in paragraph 104.

105.    Mapp is without sufficient information to form a belief about the truth of the allegations contained in paragraph 105; therefore, Mapp denies the allegations contained in paragraph 105.

106.    Mapp denies the allegations contained in paragraph 106.

107.    Mapp denies the allegations contained in paragraph 107.

108.    Mapp states that the email communication speaks for itself and denies the accuracy of Plaintiff's characterizations and descriptions of such communication in paragraph 108; therefore, Mapp denies the allegations contained in paragraph 108.

109.    Mapp denies the allegations contained paragraph 109.

110.    Mapp states that the email communication speaks for itself and denies the accuracy of Plaintiff's characterizations and descriptions of such communication in paragraph 110; therefore, Mapp denies the allegations contained in paragraph 110.

111.    Mapp states that the email communication speaks for itself and denies the accuracy of Plaintiff's characterizations and descriptions of such communication in paragraph 111; therefore, Mapp denies the allegations contained in paragraph 111.

112.    Mapp states that the email communication speaks for itself and denies the accuracy of Plaintiff's characterizations and descriptions of such communication in paragraph 112; therefore, Mapp denies the allegations contained in paragraph 112.

113.    Mapp states that the email communication speaks for itself and denies the accuracy of Plaintiff's characterizations and descriptions of such communication in paragraph 113; therefore, Mapp denies the allegations contained in paragraph 113.

114.    Mapp is without sufficient information to form a belief about the truth of the allegations contained in paragraph 114; therefore, Mapp denies the allegations contained in paragraph 114.

115.    Mapp is without sufficient information to form a belief about the truth of the allegations contained in paragraph 115; therefore, Mapp denies the allegations contained in paragraph 115.

116.    Mapp states that the email communication speaks for itself and denies the accuracy of Plaintiff's characterizations and descriptions of such communication in paragraph 116; therefore, Mapp denies the allegations contained in paragraph 116.

117.    Mapp denies the allegations contained in paragraph 117.

118.    Mapp denies the allegations contained in the first sentence of paragraph 118. Mapp is without sufficient information to form a belief about the truth of the allegations contained in paragraph 118; therefore, Mapp denies the allegations contained in paragraph 118.

119.    Mapp states that the email communications speak for themselves and denies the accuracy of Plaintiff's characterizations and descriptions of such communications in paragraph 119; therefore, Mapp denies the allegations contained in paragraph 119.

120.    Mapp denies the allegations contained in paragraph 120.

121.    Mapp states the email communications, referenced in paragraph 121, which he sent or received, speak for themselves and denies the accuracy of Plaintiff's characterizations and descriptions of such communication in paragraph 121. Mapp is without sufficient information to form a belief about the truth of the remaining allegations contained in paragraph 121; therefore, Mapp denies the remaining allegations contained in paragraph 121.

122.    Mapp states that the email communication speaks for itself and denies the accuracy of Plaintiff's characterization and description of such communication in paragraph 122; therefore, Mapp denies the allegations contained in paragraph 122.

123.    Mapp states that the email communication described in the first line of paragraph 123 speaks for itself and denies the accuracy of Plaintiff's characterizations and descriptions of such communication in paragraph 123. Mapp is without sufficient information to form a belief

about the truth of the remaining allegations in paragraph 123; therefore, Mapp denies the remaining allegations contained in paragraph 123.

124.    Mapp is without sufficient information to form a belief about the truth of the allegations contained in paragraph 124; therefore, Mapp denies the allegations contained in paragraph 124.

125.    Mapp denies the allegation in the first sentence contained in paragraph 125. Mapp is without sufficient information to form a belief about the truth of the remaining allegations contained in paragraph 125; therefore, Mapp denies the remaining allegations contained in paragraph 125.

126.    Mapp states that the email communication and document speak for themselves and denies the accuracy of Plaintiff's characterizations and descriptions of such communications in paragraph 126; therefore, Mapp denies the allegations contained in paragraph 126.

127.    Mapp is without sufficient information to form a belief about the truth of the allegations contained in paragraph 127; therefore, Mapp denies the allegations contained in paragraph 127.

128.     Mapp is without sufficient information to form a belief about the truth of the allegations contained in paragraph 128; therefore, Mapp denies the allegations contained in paragraph 128.

129.     Mapp is without sufficient information to form a belief about the truth of the allegations contained in paragraph 129; therefore, Mapp denies the allegations contained in paragraph 129.

130.    Mapp admits that he met with Paxton in July or August of 2011 at a Dairy Queen in McKinney, Texas and that he refused Paxton's investment. Mapp denies the remaining allegations contained in paragraph 130.

131.    Mapp is without sufficient information to form a belief about the truth of the allegations contained in paragraph 131; therefore, Mapp denies the allegations contained in paragraph 131.

132.    Paragraph 132 is a legal conclusion to which no response is required.  To the extent any response is required, Mapp denies the allegations contained in paragraph 132.

133.    Mapp is without sufficient information to form a belief about the truth of the allegations contained in paragraph 133; therefore, Mapp denies the allegations contained in paragraph 133.

## CLAIMS FOR RELIEF

134.    To the extent any response is required, Mapp denies the allegations contained in paragraph 134.

135.    To the extent any response is required, Mapp denies the allegations contained in paragraph 135.

136.    To the extent any response is required, Mapp denies the allegations contained in paragraph 136.

137.    To the extent any response is required, Mapp denies the allegations contained in paragraph 137.

138.    To the extent any response is required, Mapp denies the allegations contained in paragraph 138.

139.    To the extent any response is required, Mapp denies the allegations contained in paragraph 139.

140.    To the extent any response is required, Mapp denies the allegations contained in paragraph 140.

141.    To the extent any response is required, Mapp denies the allegations contained in paragraph 141.

142.    To the extent any response is required, Mapp denies the allegations contained in paragraph 142.

143.    To the extent any response is required, Mapp denies the allegations contained in paragraph 143.

144.    To the extent any response is required, Mapp denies the allegations contained in paragraph 144.

145.    To the extent any response is required, Mapp denies the allegations contained in paragraph 145.

146.    To the extent any response is required, Mapp denies the allegations contained in paragraph 146.

147.    To the extent any response is required, Mapp denies the allegations contained in paragraph 147.

148.    To the extent any response is required, Mapp denies the allegations contained in paragraph 148.

## **AFFIRMATIVE DEFENSES**

1.    Plaintiff's claims are barred, in part, by the statute of limitations.  The SEC's claims are subject to a 5 year statute of limitations.  The SEC filed its Complaint on April 11,

2016.  Consequently, any acts or omissions of Mapp which occurred prior to April 11, 2011 are outside the limitations period, and the Plaintiff's claims based on such acts or omissions are barred by the statute of limitations.

2.     Plaintiff's claims are barred, in whole or in part, by the doctrine of good faith. Mapp acted at all times in good faith and did not directly or indirectly induce the act or acts constituting the violation or causes of action.  Furthermore, Mapp was entitled to act, and in fact acted, in good faith reliance upon the advice of professionals and experts, including counsel.

3.     Plaintiff's claims under 15 U.S.C. 77e(a) and (c) are barred because Servergy qualifies for an exemption under the federal securities laws.

## PRAYER FOR RELIEF

WHEREFORE, Mapp respectfully requests that the Court order that Plaintiff take nothing by its claim, award him his costs incurred, and grant such other and further relief to which he may be justly entitled.

Respectfully submitted,

/s/ Jason S. Lewis
Jason S. Lewis
  Texas Bar No. 24007551
  lewisjs@gtlaw.com
David W. Klaudt
  Texas Bar No. 00796073
  klaudtd@gtlaw.com
Rachel M. Riley
  Texas Bar No. 24093044
  rileyr@gtlaw.com
**GREENBERG TRAURIG, LLP**
2200 Ross Avenue, Suite 5200
Dallas, Texas 75201
(214) 665-3600 (Telephone)
(214) 665-3601 (Facsimile)

**ATTORNEYS FOR
WILLIAM E. MAPP, III**

## <u>CERTIFICATE OF SERVICE</u>

I certify that on November 4, 2016 I served the foregoing First Amended Answer on all counsel via the court's e-filing system.

/s/ Jason S. Lewis          
Jason S. Lewis
