IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : |
| Plaintiff, | : |
| v. | : |
| WILLIAM E. MAPP, III, WARREN K. PAXTON, JR., CALEB J. WHITE, and SERVERGY, INC., | : Civ. Action No. 4:16-cv-00246 |
| Defendants. | : |

**UNOPPOSED MOTION FOR LEAVE TO FILE CERTAIN DOCUMENTS
UNDER SEAL PURSUANT TO THE ALL WRITS ACT**
_____

Defendant Warren K. Paxton, Jr., with the consent of the Securities and Exchange Commission ("SEC"), hereby files this motion for leave to file certain documents under seal pursuant to the All Writs Act, 28 U.S.C. § 1651(a).

The SEC has brought the instant matter against Mr. Paxton alleging various violations of the federal securities laws. In addition, Mr. Paxton is a defendant in a Texas state criminal matter alleging violations arising in part from the same underlying facts. During the course of the criminal investigation, the State of Texas has produced to Mr. Paxton certain documents, evidence, and witness statements pursuant to Texas's Michael Morton Act, Tex. Code Crim. Pro. art. 39.14(a) (requiring production of certain materials by the State to a criminal defendant). That statute provides that, as a general rule, "the defendant, the attorney representing the defendant, or an investigator, expert, consulting legal counsel, or other agent of the attorney

1

representing the defendant may not disclose to a third party any documents, evidence, materials, or witness statements received from the state." *Id.* art. 39.14(e). However, the statute permits disclosure if "a court orders the disclosure upon a showing of good cause after notice and hearing after considering the security and privacy interests of the any victim or witness." *Id.* art. 39.14(e)(1).

In a forthcoming motion, Mr. Paxton intends to move to compel the SEC to produce certain materials in its possession the discovery of which the SEC has resisted. Mr. Paxton believes that two audio recordings produced by the State pursuant to the Michael Morton Act are relevant to that motion. Because it is unclear whether the Michael Morton Act permits disclosure of those recordings to the Court in the absence of a court order, Mr. Paxton files this motion seeking, in an abundance of caution, an Order from this Court permitting him to file under seal two audio recordings obtained in criminal discovery that are relevant to the forthcoming motion to compel. Counsel for Mr. Paxton has conferred with counsel for the SEC concerning this motion, and the SEC consents to Mr. Paxton's request for an Order to this effect.

The All Writs Act, 28 U.S.C. § 1651(a), provides that "all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." The Act gives a court with an independent basis for jurisdiction broad equitable power to ensure the orderly resolution of matters brought before it. As the Supreme Court has explained, the Act is "a legislatively approved source of procedural instruments designed to achieve the rational ends of law." *United States v. New York Tel. Co.*, 434 U.S. 159, 172 (1977) (internal quotation marks omitted). Accordingly, "a federal court may avail itself of all auxiliary writs as aids in the performance of its duties, when the use of such historic aids is calculated in its sound judgment to achieve the ends of justice entrusted to it." *Id.*

at 173 (internal quotation marks omitted); *see also Pa. Bureau of Correction v. U.S. Marshals Serv.*, 474 U.S. 34, 41 (1985) (the Act "fill[s] the interstices of federal judicial power where those gaps threate[n] to thwart the otherwise proper exercise of federal courts' jurisdiction").

Without such a writ, the Court's ability properly to exercise jurisdiction over this matter would be stifled, as Mr. Paxton would be unable to present to the Court, and the Court would be unable to consider, all of the evidence relevant to his motion to compel. Justice requires that Mr. Paxton be able to present a complete record in support of his forthcoming motion to compel, and his inability to provide the Court with two audio recordings of witness statements made in the criminal investigation would impede his ability to do so. Furthermore, any security or privacy interests of the witnesses would be protected by the filing of the audio recordings under seal with the Court. Mr. Paxton therefore respectfully requests that this Court issue a writ allowing him leave to file the two recordings of witness interviews under seal.

## CONCLUSION

For the foregoing reasons, Mr. Paxton requests, with the consent of the SEC, that this Court issue a writ for leave to file under seal pursuant to the All Writs Act.

Dated: December 9, 2016

Respectfully submitted,

/s/ Matthew T. Martens
Matthew T. Martens (*pro hac vice*)
(Lead Counsel)
D.C. Bar No. 1019099
Jaclyn N. Moyer (*pro hac vice*)
D.C. Bar No. 492284
Alyssa DaCunha (*pro hac vice*)
D.C. Bar No. 1003687
Kevin Gallagher (*pro hac vice*)
D.C. Bar No. 1031415
Wilmer Cutler Pickering Hale and Dorr LLP
1875 Pennsylvania Ave. NW
Washington, DC 20006
Tel: (202) 663-6000
Fax: (202) 663-6363
Matthew.Martens@wilmerhale.com


William B. Mateja
Texas Bar No. 13185350
Polsinelli LLP
2950 N. Harwood
Suite 2100
Dallas, TX 75201
Tel: (214) 754-5751
Fax: (214) 397-0033
Mateja@polsinelli.com


J. Mitchell Little
Texas Bar No. 24043788
Scheef & Stone, LLP
2600 Network Blvd., Ste. 400
Frisco, TX 75034
Tel: (214) 472-2140
Fax: (214) 472-2150
Mitch.Little@solidcounsel.com

*Attorneys for Respondent Warren K. Paxton, Jr.*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 9, 2016, I electronically filed the foregoing with the Clerk of the Court through the CM/ECF system, which will send notices of electronic filing to all counsel of record.


/s/ Matthew T. Martens
Attorney

## **CERTIFICATE OF CONFERENCE**

I hereby certify that on December 9, 2016, I complied with the meet and confer requirement in Local Rule CV-7(h) and determined that this motion will be unopposed.


/s/ Matthew T. Martens
Attorney