IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| SECURTIES AND EXCHANGE COMMISIONS, | § § | |
| Plaintiff, | § § | |
| v. | § | CIVIL ACTION NO. 4:16-CV-00246 |
| | § § | |
| WILLIAM E. MAPP, III, WARREN K. PAXTON, JR., CALEB J. WHITE, and SERVERGY, INC., | § § § | |
| Defendants. | § | |

### UNITY RESOURCES LLC'S MOTION FOR PROTECTIVE ORDER ON DEFENDANT WARREN K. PAXTON'S SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION OR OBJECTS OR TO PERMIT INSPECTION OF PERMISES IN A CIVIL ACTION

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES** Unity Resources, LLC ("Unity"), pursuant to Fed. R. Civ. P. 26(c) and files his Motion for Protective Order on Defendant Warren K. Paxton's Subpoena to Produce Documents, Information or Objects or to Permit Inspection of Premises in a Civil Action to Unity Resources, LLC c/o Mark Mersman, Registered Agent and would show as follows:

**I.**

Unity was served with the attached subpoena on December 12, 2016, through its registered agent requesting documents to be produced by December 22, 2016. The subpoena is apparently sent by Warren K. Paxton's counsel and requests certain confidential documents. Some of the requests, although objectionably worded ("documents sufficient to identify"), appear to at least include and seek Unity's company documents. Because Warren K. Paxton is a member of Unity, he has a right to inspect certain books and records of the Company (Unity). However, because of the wording of the requests, it is unclear if Paxton's counsel is trying to

expand the rights he has as a member of the Company to inspect the books and records of the Company as authorized by the Company agreement and the statutes governing members of a Limited Liability Company.  Further, in requests 7 – 10, it appears the true purpose of the subpoena is exposed to request information regarding "Byron C. Cook or his family, including but not limited to BK Cook Family Limited Partnership, LP, Ken Cook, Ginnie Cook Davis, or Katie Louise Cook", "Joel Hochberg, or his family, including but not limited to Hochberg Holdings Limited Partnership" and "Trade Rare, LLC".  Obviously, this information is confidential and belongs to and should be subpoenaed from these individuals and entities. Just as Mr. Paxton would not want Unity sharing any of his information, Unity is not authorized to share other members' confidential information.  It appears this is an attempt to gain confidential information from Unity that should be obtained directly from these persons named in the requests and creates an annoyance, undue burden and expense.

## MOTION FOR PROTECTIVE ORDER

Rule 26(c)(1) of the Federal Rules of Civil Procedure provides, in pertinent part:

> The court may, for good cause, issue an order to protect a party from annoyance, embarrassment, oppression, or undue burden or expense, including…(a) forbidding the disclosure or discovery… (c) prescribing a discovery method other than the one selected by the party seeking discovery, (d) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters…(g)requiring that…other confidential commercial information not be revealed or be revealed only in a specified way

FED. R. CIV. P. 26(c)(1).  The "Documents to be Produced" in Mr. Paxton's subpoena cause Unity an unnecessary annoyance, undue, burden and expense and seek confidential commercial information belonging to Unity and to others whom are members of Unity

In addition, as worded, Unity cannot accurately respond to the requests. The requests are vague and overbroad and fail to specify with any clarity the documents to be produced. These

requests are overly broad, seeks information which invades Unity's privacy, Unity's members' privacy, and the privacy of other individuals who are not members of Unity.  Further, the information requested is confidential and seeks information that is not relevant to any claim or defense of the case, far exceeding the scope of discovery permissible under Fed. R. Civ. P. 26(b).

Therefore, pursuant to Fed. R. Civ. P. 26(c), Unity moves for a protective order forbidding the disclosure or discovery of the information sought and "Documents to be Produced" as outlined in Exhibits A attached to this motion.  Alternatively, Unity requests the Court enter a protective order that prescribes a discovery method other than the one selected by the party seeking discovery such as subpoena to the individuals identified in requests 7 -10, forbids inquiry into the certain matters covered in requests 7-10 and limits the scope of company documents to be produced by Unity in response to requests 1-6, or requires that confidential commercial information not be revealed or be revealed only in a specified way.  Good cause exists for the granting of this motion for the reasons stated herein, including the harm to Unity, Unity's members and other third parties should this motion not be granted.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Unity Resources, LLC respectfully prays that Unity Resources, LLC be granted a protective order denying Defendant Warren K. Paxton's Subpoena to Produce Documents, Information or Objects or to Permit Inspection of Premises in a Civil Action to Unity Resources, LLC c/o Mark Mersman, Registered Agent. Unity Resources, LLC further seeks all other relief to which he may be entitled by law.

Respectfully submitted,

**ALBIN ROACH, PLLC**

By: _____
W. Todd Albin
Texas Bar No. 00795214
talbin@albinroach.com
Laura Calhoun
Texas Bar No. 06342400
lcalhoun@albinroach.com
5665 North Dallas Parkway, Suite 200
Frisco, TX 75034
Tel. (214) 423-5100
Fax. (214) 423-5111
**ATTORNEY FOR UNITY RESOURCES, LLC**

## CERTIFICATE OF CONFERENCE

I certify that I called opposing counsel December 20th, 2016 and December 22nd, 2016 and was unable to confer so filing and will continue to attempt to confer prior to any hearing and if resolved will inform the Court promptly.

_____
W. Todd Albin

## CERTIFICATE OF SERVICE

This is to certify that on this 22nd day of December 2016, a true and correct copy of the foregoing document was served via fax (202) 663-6363 on counsel for Mr. Paxton. Further counsel will be served via electronic filing.

_____
W. Todd Albin