**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. 4:16-cv-00246 |
| WILLIAM E. MAPP, III; WARREN K. | § | JUDGE MAZZANT |
| PAXTON, JR.; CALEB J. WHITE; and | § | |
| SERVERGY, INC., | § | |
| | § | |
| Defendants. | § | |

**PROTECTIVE ORDER**

**A.  Proceedings and Information Governed.**

1.  The Court enters this Order ("Protective Order") pursuant to Fed. R. Civ. P. 26(c). The Protective Order governs any document, information, or other thing furnished by any nonparty who receives a subpoena in connection with this action (a "Producer"). The information protected includes, but is not limited to: documents produced; deposition transcripts and videotapes; deposition exhibits; and other writings or things produced, given, or filed in this action that are designated by a Producer as "Confidential Information" or "Highly Confidential Information" in accordance with the terms of this Protective Order, as well as to any copies, excerpts, abstracts, analyses, summaries, descriptions, or other forms of recorded information containing, reflecting, or disclosing such information.

**B.  Designation and Maintenance of Information.**

2.  For purposes of this Protective Order, (a) Confidential Information means documents, things, and information constituting or containing: proprietary or confidential information; trade

secrets; sensitive business, personal, or financial information; information required by law or agreement to be kept confidential; or other information not publicly known that the Producer has undertaken to keep confidential; and (b) Highly Confidential Information means documents, things, and information that the Producer deems especially sensitive, including confidential research and development, financial, technical, marketing, or any other sensitive trade secret information. Confidential and Highly Confidential Information may not include, and this Protective Order does not apply to, information already in the knowledge or possession of the party to whom disclosure is made unless that party is already bound by agreement not to disclose such information, or information that has been disclosed to the public or third persons in a manner making such information no longer confidential.

3. Documents and things produced during the course of this litigation within the scope of paragraph 2(a) above may be designated by the Producer as Confidential Information by placing the label "CONFIDENTIAL" on each page of a document, on each thing, or by any other conspicuous designation as to electronically stored information (such as in a file name). Documents and things produced during the course of this litigation within the scope of paragraph 2(b) above may be designated by the Producer as Highly Confidential Information by placing the label "HIGHLY CONFIDENTIAL" on each page of a document, on each thing, or by any other conspicuous designation as to electronically stored information (such as in a file name). A Producer may designate information disclosed at a deposition as Confidential or Highly Confidential Information by requesting the reporter to so designate the transcript or any portion of the transcript at the time of the deposition. If no such designation is made at the time of the deposition, the Producer will have 14 calendar days after the date of the deposition to designate, in writing to the other parties and to the court reporter, whether the transcript is

designated as Confidential or Highly Confidential Information. If no such designation is made at the deposition or within this 14 calendar day period (during which period, the transcript must be treated as Highly Confidential Information, unless the Producer consents to less confidential treatment of the information), the entire deposition will be considered devoid of Confidential or Highly Confidential Information. Each party and the court reporter must attach a copy of any final and timely written designation notice to the transcript and each copy of the transcript in its possession, custody or control, and the portions designated in such notice must thereafter be treated in accordance with this Protective Order. It is the responsibility of counsel for each party to maintain materials containing Confidential or Highly Confidential Information in a secure manner and appropriately identified so as to allow access to such information only to such persons and under such terms as is permitted under this Protective Order.

## C.  Failure to Designate.

4. Failure to designate or withhold any information as confidential pursuant to this Protective Order will not waive a later claim as to its confidential nature, or stop the Producer from designating such information as confidential at a later date in writing and with particularity. The information must be treated by the receiving party as confidential from the time the receiving party is notified in writing of the change in the designation.

## D.  Challenge to Designations.

5. A receiving party may challenge a Producer's designation at any time. If any party disagrees with the designation of Confidential or Highly Confidential Information, the parties and the Producer will first try to resolve the dispute in good faith. If the dispute cannot be resolved, the objecting party may object in writing to the Producer who designated the Confidential or Highly Confidential Information, and the Producer shall have 7 calendar days after the receipt of such written objection to move the court for an order preserving the

designated status of the disputed information. Until any dispute under this paragraph is ruled upon by the presiding judge, the designation will remain in full force and effect, and the information will continue to be accorded the confidential treatment required by this Protective Order. If the Producer fails to move for an order pursuant to this paragraph, then the designation of the disputed information as Confidential or Highly Confidential shall be terminated.

**E. Disclosure and Use of Confidential Information.**

6. Confidential or Highly Confidential Information may only be used for purposes of preparation, trial, and appeal of this action or the Texas state criminal prosecution of Warren K. Paxton, Jr. Confidential or Highly Confidential Information may not be used under any circumstances for any other purpose.

7. Notwithstanding anything in this Protective Order to the contrary, this Protective Order does not (i) limit or restrict the Commission's retention, use, or disclosure of Confidential Information for any of the "Routine Uses of Information" identified in SEC Form 1662 ("Supplemental Information for Persons Requested to Supply Information Voluntarily or Directed to Supply Information Pursuant to a Commission Subpoena"), or as required for law enforcement activities or to otherwise regulate, administer, or enforce the federal securities laws; or (ii) limit or restrict the retention, use, or disclosure of Confidential Information to the extent the Commission or its staff determines that such retention, use, or disclosure is required by the Freedom of Information Act or to fulfill the Commission's record keeping and archival obligations.

8. Subject to paragraph 10 below, Confidential Information may be disclosed by receiving parties only to the following individuals, provided that such individuals are informed of the terms of this Protective Order: (a) in the case of an individual person, the receiving party, or in the case of an entity, employees of the receiving party who are required in good faith to provide

assistance in the conduct of this litigation, including any settlement discussions, and who are identified as such in writing to counsel for the Producer in advance of the disclosure; (b) in-house counsel who are identified by the receiving party; (c) outside counsel for the receiving party; (d) supporting personnel employed by (b) and (c), such as paralegals, legal secretaries, data entry clerks, legal clerks, and private photocopying services; (e) experts or consultants; (f) any persons requested by counsel to furnish services such as document coding, image scanning, mock trial (including mock jurors), jury profiling, translation services, court reporting services, demonstrative exhibit preparation, private investigation, or the creation of any computer database from documents; and (g) any fact witness in the course of providing or preparing to provide testimony at trial or in a deposition, provided that disclosure to the witness is reasonably necessary and the witness has signed a Confidentiality Agreement in the form attached as Exhibit B.

9. Subject to paragraph 10 below, Highly Confidential Information may be disclosed by receiving parties only to the following individuals, provided that such individuals are informed of the terms of this Protective Order: (a) outside counsel for the receiving party; (b) supporting personnel employed by outside counsel, such as paralegals, legal secretaries, data entry clerks, legal clerks, and private photocopying services; (c) counsel for the Securities and Exchange Commission and supporting personnel employed by the Securities and Exchange Commission such as paralegals, legal secretaries, data entry clerks, legal clerks, private photocopying services; (d) experts or consultants; (e) any persons requested by counsel to furnish services such as document coding, image scanning, mock trial (including mock jurors), jury profiling, translation services, court reporting services, demonstrative exhibit preparation, or the creation of any computer database from documents; (f) any fact witness in the course of providing or

preparing to provide testimony at trial or in a deposition, provided that the party intending to use Highly Confidential Information at trial or in a deposition will give at least 7 days' notice to the Producer who designated the Highly Confidential Information so that the Producer may object or move the Court for additional relief; and (g) those individuals designated in paragraph 12(c).

10.  Further, prior to disclosing Confidential or Highly Confidential Information to a receiving party's proposed expert, consultant, or employees, the receiving party must provide to the Producer a signed Confidentiality Agreement in the form attached as Exhibit A.

11.  Counsel is responsible for the adherence by third-party vendors to the terms and conditions of this Protective Order. Counsel may fulfill this obligation by obtaining a signed Confidentiality Agreement in the form attached as Exhibit B.

12.  Confidential or Highly Confidential Information may be disclosed to a person who is not already allowed access to such information under this Protective Order if:

> (a) the information was previously received or authored by the person or was authored or received by a director, officer, employee or agent of the company for which the person is testifying as a designee under Fed. R. Civ. P. 30(b)(6);
>
> (b) the Producer is the person or is an entity for whom the person is a director, officer, employee, consultant or agent; or
>
> (c) counsel for the Producer designating the material agrees that the material may be disclosed to the person.

In the event of disclosure under this paragraph, only the reporter, the person, his or her counsel, the presiding judge, and persons to whom disclosure may be made and who are bound by this Protective Order, may be present during the disclosure or discussion of Confidential or Highly

Confidential Information. Disclosure of material pursuant to this paragraph does not constitute a waiver of the confidential status of the material so disclosed.

**F. Nonparty Information.**

12. The existence of this Protective Order must be disclosed to any person producing documents, tangible things, or testimony in this action who may reasonably be expected to desire confidential treatment for such documents, tangible things, or testimony. Any such person may designate documents, tangible things, or testimony confidential pursuant to this Protective Order.

13. As of the date of this Protective Order, the parties have served subpoenas for documents on Byron Cook, Joel Hochberg, and Robert Griggs (the "Witnesses"). Among other things, Witnesses have agreed to produce, subject to the terms of this Protective Order, a list of investments in which any two or more of Byron Cook, Joel Hochberg, Robert Griggs, William Sandford, or Warren K. Paxton, Jr. invested (the "Investments"). Witnesses have also agreed to produce certain documents (including, for example, membership agreements, private placement memoranda, and other similar documents) in connection with the Investments. To the extent that Mr. Paxton serves subpoenas for documents on one of the entities identified in the list of Investments, Mr. Paxton agrees to give notice to Witnesses' counsel of such subpoenas, including copies of any such subpoenas, on or before the service of those subpoenas.

14. Pursuant to Federal Rule of Civil Procedure 29, the parties stipulate that nonparties subject to or affected by subpoenas issued in this matter may make and file motions related to such subpoenas with this, the issuing Court, without having to first file such motions in the court where compliance is required and seek transfer of such motions to the issuing Court pursuant to Federal Rule of Civil Procedure 45. This stipulation does not waive or otherwise

prejudice nonparties' rights to make and file motions in the court for the district where compliance is required pursuant to Federal Rule of Civil Procedure 45.

**G. Filing Documents with the Court.**

15. If any party wishes to submit Confidential or Highly Confidential Information to this Court, the portions of the submission containing such Information must be filed only under seal on CM/ECF if filed electronically or if filed in hard copy in a sealed envelope bearing the caption of this action and a notice in the following form:

**CONFIDENTIAL**
*SEC v. Mapp, et al.*, **CIVIL ACTION NO. 4:16-cv-00246**
**This envelope, which is being filed under seal,**
**contains documents that are subject to a Protective**
**Order governing the use of confidential discovery material.**
**No Prejudice.**

16. The parties contemplate addressing the use of Confidential and Highly Confidential Information at trial by subsequent stipulations and orders as needed. In the interim, with regard to any hearing or other proceeding in open court at which any party intends to offer into evidence or refer to Confidential or Highly Confidential Information, the party intending to use such Confidential or Highly Confidential Information will give at least 10 days' notice to the Producer who designated the Confidential or Highly Confidential Information so that the Producer may object or move the appropriate court for additional relief.

17. Producing or receiving Confidential or Highly Confidential Information, or otherwise complying with this Protective Order, will not (a) operate as an admission by any party that any particular Confidential or Highly Confidential Information contains or reflects trade secrets or any other type of confidential or proprietary information; (b) prejudice the rights of a party or Producer to object to the production of information or material that the party or Producer does not consider to be within the scope of discovery; (c) prejudice the rights of a party or Producer

to seek a determination by the presiding judge that particular materials be produced; (d) prejudice the rights of a party or Producer to apply to the presiding judge for further protective orders; or (e) prevent the parties and Producers from agreeing in writing to alter or waive the provisions or protections provided for in this Protective Order with respect to any particular information or material.

**H.  Conclusion of Litigation.**

18.  Within 60 calendar days after final judgment in this action, including the exhaustion of all appeals, or within 60 calendar days after dismissal pursuant to a settlement agreement, each party or other person subject to the terms of this Protective Order is under an obligation to destroy or return to the Producer all materials and documents containing Confidential or Highly Confidential Information, and to certify to the Producer that this destruction or return has been done.  However, outside counsel for any party is entitled to retain all court papers, trial transcripts, exhibits, and attorney work provided that any such materials are maintained and protected in accordance with the terms of this Protective Order.

**I.  Other Proceedings.**

19.  The manner in which Confidential or Highly Confidential Information is submitted to this Court or otherwise used in the Texas state criminal prosecution of Warren K. Paxton, Jr. shall be determined by the court presiding over that proceeding. By entering this Protective Order and limiting the disclosure of information in this case, this Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this Protective Order who may be subject to a motion to disclose a Producer's information designated Confidential or Highly Confidential Information pursuant to this Protective Order must promptly notify that Producer of the motion

so that the Producer may have an opportunity to appear and be heard on whether that information should be disclosed.

**J.  Remedies.**

20.  It is Ordered that this Protective Order will be enforced by the sanctions set forth in Federal Rule of Civil Procedure 37(b) and any other sanctions as may be available to the Court, including the power to hold parties or other violators of this Protective Order in contempt. All other remedies available to any person injured by a violation of this Protective Order are fully reserved.

21.  Any party may petition the Court for good cause shown if the party desires relief from a term or condition of this Protective Order.

IT IS SO ORDERED.

**SIGNED this 13th day of January, 2017.**


AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 4:16-cv-00246 |
| WILLIAM E. MAPP, III; WARREN K. PAXTON, JR.; CALEB J. WHITE; and SERVERGY, INC., | § § § § | |
| Defendants. | § § | |

**CONFIDENTIALITY AGREEMENT FOR EXPERT,
CONSULTANT OR EMPLOYEES OF ANY PARTY**

I hereby affirm that:

Information, including documents and things, designated as Confidential or Highly Confidential Information, as defined in the Protective Order entered in the above-captioned action (Protective Order), is being provided to me pursuant to the terms and restrictions of the Protective Order.

I have been given a copy of and have read the Protective Order, I am familiar with the terms of the Protective Order and I agree to comply with and to be bound by its terms.

I submit to the jurisdiction of this Court for enforcement of the Protective Order.

I agree not to use any Confidential or Highly Confidential Information disclosed to me pursuant to the Protective Order except for purposes of the above-captioned litigation and not to disclose any of this information to persons other than those specifically authorized by the Protective Order, without the express written consent of the party who designated the information as confidential or by order of the presiding judge.    I also agree to notify any stenographic, clerical or technical personnel who are required to assist me of the terms of this Protective Order and of its binding effect on them and me.

I understand that I am to retain all documents or materials designated as or containing Confidential or Highly Confidential Information in a secure manner, and that all such documents and materials are to remain in my personal custody until the completion of my assigned duties in this matter, whereupon all such documents and materials, including all copies thereof, and any writings prepared by me containing any Confidential or Highly Confidential Information are to be returned to counsel who provided me with such documents and materials.

Signed: _____

Printed Name: _____

Date:

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 4:16-cv-00246 |
| WILLIAM E. MAPP, III; WARREN K. PAXTON, JR.; CALEB J. WHITE; and SERVERGY, INC., | § § § § | |
| Defendants. | § § | |

**EXHIBIT B TO
PROTECTIVE ORDER**

I hereby affirm that:

Information, including documents and things, designated as Confidential or Highly Confidential Information, as defined in the Protective Order entered in the above-captioned action (Protective Order), is being provided to me pursuant to the terms and restrictions of the Protective Order.

I have been given a copy of and have read the Protective Order.

I am familiar with the terms of the Protective Order and I agree to comply with and to be bound by its terms.

I submit to the jurisdiction of this Court for enforcement of the Protective Order.

I agree not to use any Confidential or Highly Confidential Information disclosed to me pursuant to the Protective Order except for purposes of the above-captioned litigation and not to disclose any of this information to persons other than those specifically authorized by the Protective Order, without the express written consent of the party who designated the information as confidential or by order of the presiding judge.

.

Signed:

Printed Name:

Date: