**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** § § § | | |
| **Plaintiff,** § § | | |
| v. § § | **CIVIL ACTION NO. 4:16-cv-00246** | |
| **WILLIAM E. MAPP, III; WARREN K. PAXTON, JR.; CALEB J. WHITE; and SERVERGY, INC.,** § § § § § | | |
| **Defendants.** § | | |

**BRIEF IN SUPPORT OF UNITY
RESOURCES LLC'S MOTION FOR PROTECTIVE ORDER**

Nonparties Byron C. Cook and Joel Hochberg (together, the Witnesses) file this brief in support of the Motion for Protective Order on Defendant Warren K. Paxton's Subpoena to Produce Documents, Information or Objects or to Permit Inspection of Premises in a Civil Action filed by Unity Resources LLC (Unity) (the Motion, ECF No. 55).

1. In the Motion, among other things, Unity sought protection from requests for information regarding "Byron C. Cook or his family, including but not limited to BK Cook Family Limited Partnership, LP, Ken Cook, Ginnie Cook Davis, or Katie Louise Cook," "Joel Hochberg, or his family, including but not limited to Hochberg Holdings Limited Partnership" and "Trade Rare, LLC." Unity observed that "this information is confidential and belongs to and should be subpoenaed from these individuals and entities. Just as Mr. Paxton would not want Unity sharing any of his information, Unity is not authorized to share other members' confidential information. It appears this is an attempt to gain confidential information from Unity that should be obtained

directly from these persons named in the requests and creates an annoyance, undue burden, and expense." Motion at 2.

2. In Defendant Warren K. Paxton, Jr.'s Memorandum of Law in Opposition to Unity Resources LLC's Motion (the Opposition, ECF No. 57), Paxton argued, among other things, that Unity lacks standing to assert privacy concerns on behalf of its members. Opposition at 10. Although Witnesses disagree with this assertion (for which Paxton cites no authority), out of an abundance of caution, Witnesses join the Motion and assert their privacy interests directly to cure any standing issue Unity might have.

3. Contrary to Paxton's argument that a confidentiality order limiting the use of documents procured through the subpoena could cure any privacy concerns, individual privacy concerns have constitutional import above and beyond mere confidentiality. Texas courts recognize a constitutionally protected *disclosural* right to privacy—"the ability of individuals to determine for themselves when, how, and to what extent information about them is communicated to others." *Kessell v. Bridewell*, 872 S.W.2d 837, 841 (Tex. App.—Waco 1994, orig. proceeding) (quoting *Indus. Found. of South v. Tex. Indus. Accident Bd.*, 549 S.W.2d 668, 679 (Tex. 1976)). In the interest of protecting these constitutional privacy interests, the Court may forbid discovery outright rather than permit discovery subject to the limitations of a confidentiality order. *See* FED. R. CIV. P. 26(c) & 45(d); *Reynolds v. Cactys Drilling Co., LLC*, No. MO:15-CV-00101-DAE-DC, 2015 U.S. Dist. LEXIS 182379, at *7 (W.D. Tex. Oct. 22, 2015) (quashing subpoena because of, among other things, "the privacy concerns regarding disclosure of documents.").

4. Paxton further argues that Witnesses "can intervene and raise privacy concerns on their own behalf," and "can raise any privacy concerns they have by moving to quash or modify the subpoena." Yet Paxton did not notify Witnesses that he served a subpoena on Unity. Witnesses

are not parties to this lawsuit entitled to receive notice of subpoenas, and had to find out about the Unity subpoena second-hand and after-the-fact. Indeed, in negotiating with Paxton on a protective order governing their production of documents, Witnesses had to fight tooth and nail for a provision requiring Paxton to give notice to Witnesses of subsequent subpoenas so that they can have precisely this opportunity to object. Witnesses cannot fully assess the impact of Unity's compliance with the subpoena on their privacy rights without first reviewing responsive documents in Unity's possession, custody, and control. But regardless, Paxton's third party discovery strategy evidences an attempt to avoid addressing Witnesses' privacy concerns with them directly by subpoenaing other parties for private information about Witnesses. This is not an appropriate use of discovery because it is designed to deprive Witnesses of the opportunity to fully assert their constitutional rights and other valid objections. The Court should therefore grant Unity's Motion.

5. Witnesses further join Unity's objections to the subpoena on relevance grounds. Paxton duplicitously seeks discovery of all Witnesses' financial transactions with unrelated third parties for the past 25 years while simultaneously moving for his own protective order on the basis that his financial transactions with unrelated third parties are outside the scope of permissible discovery. *See* ECF No. 69. As Paxton notes in his Opposition, counsel for Paxton and counsel for Witnesses are continuing to confer in an attempt to identify a reasonable scope of production in response to Paxton's subpoenas. Opposition at 1 n.1. But to the extent the Court may consider the relevance issue in connection with Unity's Motion, Witnesses submit that Paxton seeks what Witnesses have estimated to include tens of thousands if not hundreds of thousands of documents concerning transactions that have questionable or no value to this case. Paxton's requests are not proportionate to the needs of the case because they do not sufficiently or reasonably limit the

timeframe, categories, or types of financial transactions about which Paxton seeks discovery in any way that would align the requests with the scope of the SEC's allegations here. For this further reason, the Court should grant Unity's Motion.

    Respectfully submitted,

    */s/ Neal J. Suit*
    **Terry Jacobson**
      Texas State Bar No. 10528000
      Email: tljacobson@sbcglobal.net
    **JACOBSON LAW FIRM, P.C.**
    733 West Second Avenue
    Corsicana, Texas 75110
    903-874-7117 (telephone)
    903-874-7321 (fax)

    –&–

    **Neal J. Suit**
      Texas State Bar No. 24041988
      Email: nsuit@ccsb.com
    **Alex More**
      Texas State Bar No. 24065789
      E-mail: amore@ccsb.com
    **CARRINGTON, COLEMAN,**
      **SLOMAN & BLUMENTHAL, L.L.P.**
    901 Main Street, Suite 5500
    Dallas, Texas 75202
    214-855-3000 (telephone)
    214-855-1333 (fax)

    *Counsel for Nonparties Byron C. Cook and Joel Hochberg.*

## CERTIFICATE OF SERVICE

I hereby certify that on January 13, 2017, I electronically filed the foregoing document with the Clerk of the Court through the CM/ECF system, which will send notices of electronic filing to all counsel of record. I also emailed a copy of the same to counsel for Unity Resources, LLC.

    */s/ Neal J. Suit*