**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : <br> : <br> : |
| Plaintiff, | : <br> : |
| v. | : <br> : Civ. Action No. 4:16-cv-00246 |
| WILLIAM E. MAPP, III, WARREN K. PAXTON, JR., CALEB J. WHITE, and SERVERGY, INC., | : <br> : <br> : |
| Defendants. | : <br> : |

**DEFENDANT WARREN K. PAXTON, JR.'S MOTION TO COMPEL
PRODUCTION OF DOCUMENTS FROM THIRD-PARTY UNITY RESOURCES, LLC**

Pursuant to Federal Rule of Civil Procedure 45(d)(2)(B)(i), Defendant Warren K. Paxton, Jr. hereby moves the Court to compel third-party Unity Resources, LLC ("Unity Resources") to produce documents pursuant to a subpoena served on Unity Resources by Mr. Paxton on December 12, 2016. These documents are critical to disproving the Securities and Exchange Commission's allegations concerning the investment group and its established "policies and procedures."

As required by Local Rule CV-7(h), counsel for Mr. Paxton met and conferred telephonically with counsel for Unity Resources on January 27, 2017. Counsel for Mr. Paxton was unable to obtain concurrence in the relief sought in this motion from counsel for Unity Resources.

Dated: January 31, 2017

          Respectfully submitted,

          <u>/s/ Matthew T. Martens</u>
          Matthew T. Martens (*pro hac vice*)
          (Lead Counsel)
          D.C. Bar No. 1019099
          Jaclyn N. Moyer (*pro hac vice*)
          D.C. Bar No. 492284
          Alyssa DaCunha (*pro hac vice*)
          D.C. Bar No. 1003687
          Kevin Gallagher (*pro hac vice*)
          D.C. Bar No. 1031415
          Wilmer Cutler Pickering Hale and Dorr LLP
          1875 Pennsylvania Ave. NW
          Washington, DC 20006
          Tel: (202) 663-6000
          Fax: (202) 663-6363
          Matthew.Martens@wilmerhale.com

          William B. Mateja
          Texas Bar No. 13185350
          Polsinelli LLP
          2950 N. Harwood
          Suite 2100
          Dallas, TX 75201
          Tel: (214) 754-5751
          Fax: (214) 397-0033
          Mateja@polsinelli.com

          J. Mitchell Little
          Texas Bar No. 24043788
          Scheef & Stone, LLP
          2600 Network Blvd., Ste. 400
          Frisco, TX 75034
          Tel: (214) 472-2140
          Fax: (214) 472-2150
          Mitch.Little@solidcounsel.com

         *Attorneys for Defendant Warren K. Paxton, Jr.*

**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : <br> : <br> : |
| Plaintiff, | : |
| v. | : |
| WILLIAM E. MAPP, III, WARREN K. PAXTON, JR., CALEB J. WHITE, and SERVERGY, INC., | Civ. Action No. 4:16-cv-00246 <br> : <br> : |
| Defendants. | : <br> : |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT WARREN K. PAXTON, JR.'S MOTION TO COMPEL
PRODUCTION OF DOCUMENTS FROM THIRD-PARTY UNITY RESOURCES, LLC**

- i -

**TABLE OF CONTENTS**

**Page**

STATEMENT OF THE ISSUES PRESENTED ................................................................................1

INTRODUCTION ...........................................................................................................................1

BACKGROUND .............................................................................................................................2

ARGUMENT ...................................................................................................................................5

CONCLUSION ................................................................................................................................8

**TABLE OF AUTHORITIES**

**Page(s)**

**Federal Cases**

*Andra Group, LP v. JDA Software Group, Inc.*,
   312 F.R.D. 444 (N.D. Tex. 2015) ................................................................................................7

*Hussey v. State Farm Lloyds Insurance Company*,
   216 F.R.D. 591 (E.D. Tex. 2003) ............................................................................................5, 7

*Estate of Ungar v. Palestinian Authority,* 451 F. Supp. 2d 607 (S.D.N.Y. 2006) ...........................8

*Wiwa v. Royal Dutch Petroleum Company*,
   392 F.3d 812 (5th Cir. 2004) .......................................................................................................5

**Rules**

Fed. R. Civ. P. 26(b)(1) ..................................................................................................................5

Fed. R. Civ. P. 45(d)(1) ..................................................................................................................5

Fed. R. Civ. P. 45(d)(2)(B) ............................................................................................................7

Fed. R. Civ. P. 45(d)(2)(B)(i) ........................................................................................................6

Fed. R. Civ. P. 45(d)(3)(B) ............................................................................................................8

**STATEMENT OF THE ISSUES PRESENTED**

Whether, given the allegation in the Amended Complaint that Messrs. Cook, Hochberg, and Paxton were members of an investment group that had established policies and practices of investing on an equal dollar-for-dollar basis with no member benefiting off of the investment of another member, Mr. Paxton is entitled to documents from Unity Resources to test those allegations?

**INTRODUCTION**

The Securities and Exchange Commission ("SEC") has sued Mr. Paxton, alleging that he defrauded Servergy investors Investor 1 (Byron C. Cook) and Investor 2 (Joel Hochberg) by failing to disclose to them a commission offered for recruiting Servergy investors. The SEC contends that Mr. Paxton had a fiduciary duty to disclose the offer of a commission because he was a member of an investment group with Messrs. Cook and Hochberg that had established "policies and practices" of investing on an "equal dollar-for-dollar basis" with no member "benefit[ing] off of the investment of another member."

For the reasons set forth in Mr. Paxton's most recent Motion to Dismiss, this disclosure theory is legally deficient. And if the case proceeds to trial, Mr. Paxton will prove that it is built on a lie. Central to Mr. Paxton's ability to demonstrate the falsity of the SEC's allegations is evidence that Messrs. Cook and Hochberg have themselves engaged in self-dealing transactions with companies in which they and Mr. Paxton invested, thus disproving the existence of the claimed established policy and practice of investing only on an equal dollar-for-dollar basis with no member benefiting off of the investment of another member.

While Messrs. Cook and Hochberg have been resisting discovery into this issue, one example of their self-dealing that Mr. Paxton's defense team has nonetheless uncovered is the Unity Resources, LLC ("Unity Resources") transaction. In or about 2008, Messrs. Cook,

Hochberg, and Paxton each individually invested in Unity Resources. Thereafter, Messrs. Cook and Hochberg engaged in several mineral rights flip transactions in which they (either personally or through entities they controlled) purchased mineral rights on various tracts of land in Oklahoma and then, within a few months, resold those mineral rights to Unity Resources or its affiliates.

Mr. Paxton, through his counsel, has subpoenaed documents from Unity Resources to determine the extent of the self-dealing by Messrs. Cook and Hochberg and whether they disclosed the same. The subpoenaed documents are directly relevant to proving the falsity of the claims by Messrs. Cook and Hochberg (and the SEC) concerning the supposed investment group. But Unity Resources has refused to comply with the subpoena and produce the requested documents. Because Unity Resources lacks any legitimate basis to resist production, Mr. Paxton respectfully requests that the Court compel it to comply forthwith.

## BACKGROUND

On April 11, 2016, the SEC filed a complaint against Mr. Paxton ("Complaint"), among others, alleging that he had defrauded actual and potential investors in Servergy by failing to disclose a commission allegedly offered to him for soliciting potential investors. *See* Complaint (Dkt. 1). In particular, the Complaint alleged that unnamed Investors 1 and 2 were members of an "investment group" with Mr. Paxton and were defrauded by him. *See id.* ¶¶ 78, 80-83. Mr. Paxton filed a Motion to Dismiss the SEC's Complaint, arguing that it failed to state a claim because it failed to allege a legally cognizable duty on the part of Mr. Paxton to disclose the alleged commission. By Order dated October 7, 2016, the Court conditionally granted Mr. Paxton's Motion to Dismiss. *See* Order (Dkt. 39).

On October 21, 2016, the SEC filed an Amended Complaint, for the first time alleging that there was a 25-year-old "investment group" consisting of Investors 1, 2, 3, and 4; that the

group had certain "established purpose, policies, and practices"; that in recent years Mr. Paxton "participate[d] in investments with the investment group"; and that Investor 1 (Mr. Cook) expressly informed Mr. Paxton of the investment group's "established policies." *See* Amended Compl. ¶¶ 77, 78 (Dkt. 40). Of particular relevance here, the Amended Complaint alleges that the investment group had established "policies and practices" of investing on an "'equal dollar-for-dollar basis,' in which everyone takes the same risk and receives the same benefit and that no one member makes money or otherwise benefits off of the investment of another member." *Id.* ¶ 77.

Given the SEC's allegations, evidence that Messrs. Cook and Hochberg engaged in self-dealing transactions with entities in which they and Mr. Paxton invested would be relevant both to impeach their credibility as witnesses and to disprove the allegation that Mr. Paxton had a fiduciary duty arising out of his membership in an investment group with the claimed established policies and practices. Mr. Paxton's defense team has already uncovered some evidence of self-dealing by Messrs. Cook and Hochberg with regard to an entity known as Unity Resources, in which Messrs. Cook, Hochberg, Paxton, and others were investors. Messrs. Cook and Hochberg, through entities they are believed to control, purchased mineral rights in various parcels of land throughout Oklahoma. A few months later, those entities sold the mineral rights to Unity Resources or entities believed to be affiliated with Unity Resources. Mr. Paxton set out representative examples of these mineral rights flips in his recent opposition to a motion for a protective order filed by Unity Resources. *See* Defendant Warren K. Paxton, Jr.'s Opposition to Unity Resources LLC's Motion for Protective Order at 3-4 (Dkt. 57).

In an effort to uncover the full extent of this self-dealing by Messrs. Cook and Hochberg, Mr. Paxton served on Unity Resources a subpoena *duces tecum* for a few categories of

documents. *See* Ex. 1 – Declaration of Matthew T. Martens ("Martens Decl."), Ex. A; Affidavit of Service (Dkt. 57-4). Most relevant to this motion, Mr. Paxton requested documents related to the sale of mineral rights to or the purchase of mineral rights by Messrs. Cook or Hochberg, their families, or entities they owned as well as documents sufficient to identify any payments by Unity Resources to Messrs. Cook or Hochberg. Martens Decl., Ex. A at 6.

On December 22, 2016, without meeting and conferring with counsel for Mr. Paxton as required by this Court's Local Rules, counsel for Unity Resources filed a motion for a protective order, seeking a blanket protection from the production of any documents to Mr. Paxton. *See* Unity Resources LLC's Motion for Protective Order (Dkt. 55). On December 30, 2016, Mr. Paxton filed an opposition to that motion. *See* Defendant Warren K. Paxton, Jr.'s Opposition to Unity Resources LLC's Motion for Protective Order (Dkt. 57). Counsel for Unity Resources never filed a reply brief; instead, he reached out to counsel for Mr. Paxton and promised to produce promptly all documents requested. Martens Decl. ¶ 2. On January 25, 2017, however, counsel for Unity Resources produced to counsel for Mr. Paxton a very limited set of documents that did not comply fully with the subpoena. *Id.* ¶ 3. On January 27, 2017, counsel for Unity Resources and counsel for Mr. Paxton met and conferred on the issue of a complete production pursuant to the subpoena, and counsel for Unity Resources stated that Unity Resources had identified other responsive documents but did not produce them because counsel for certain of its members[1] had told Unity Resources not to produce any documents that might affect third-parties such as themselves. *Id.* ¶ 4. Counsel for Mr. Paxton and counsel for Unity Resources thus realized that they had reached an impasse, and this motion follows.

---

[1] Counsel for Mr. Paxton understood this to be a reference to counsel for Messrs. Cook and Hochberg.

## ARGUMENT

Mr. Paxton is entitled to evidence that is relevant to his defense in this case. The Amended Complaint alleges that the investment group had established "policies and practices" of investing on an "equal dollar-for-dollar basis" with no member "benefit[ing] off of the investment of another member." Amended Compl. ¶ 77. The documents that Mr. Paxton has subpoenaed in an effort to uncover the extent of self-dealing by Messrs. Cook and Hochberg with regard to Unity Resources are directly relevant to disproving this allegation of the Amended Complaint on which the SEC has relied to attempt to establish the existence of a fiduciary duty.

Mr. Paxton's subpoena comports with the Federal Rules of Civil Procedure. Federal Rule of Civil Procedure 45 governs discovery from non-parties through the issuance of subpoenas. The party issuing the subpoena "must take reasonable steps to avoid imposing an undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1). To determine whether a subpoena presents an undue burden, the Fifth Circuit considers six factors: "(1) relevance of the information requested; (2) the need of the party for the documents; (3) the breadth of the document request; (4) the time period covered by the request; (5) the particularity with which the party describes the requested documents; and (6) the burden imposed." *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004). "Further, if the person to whom the document request is made is a non-party, the court may also consider the expense and inconvenience to the non-party." *Id.*

"When a subpoena is issued as a discovery device, relevance for purposes of the undue burden test is measured according to the standard of Rule 26(b)(1)." *Hussey v. State Farm Lloyds Ins. Co.*, 216 F.R.D. 591, 596 (E.D. Tex. 2003). Rule 26(b)(1) provides that parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Where the person commanded to produce

documents objects to a Rule 45 subpoena, "on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection." Fed. R. Civ. P. 45(d)(2)(B)(i). Mr. Paxton brings this motion pursuant to Rule 45(d)(2)(B)(i).

Mr. Paxton is entitled to production of documents from Unity Resources to probe whether the members of the alleged investment group truly had an established policy and practice of investing on an equal dollar-for-dollar basis such that no one member made money or otherwise benefited off of the investment of another member. In beginning to scratch the surface of Messrs. Cook and Hochberg's investment history, Mr. Paxton has uncovered evidence of apparent self-dealing financial transactions by Messrs. Cook and Hochberg that permitted them to benefit from the Unity Resources deal to the exclusion of other investors alleged to be members of the investment group, including Mr. Paxton. Given that Mr. Paxton's limited investigation has already been fruitful in undermining the SEC's theory and given that this issue forms the crux of the SEC's case, Mr. Paxton has requested documents from Unity Resources to delve deeper into the apparent self-dealing by Messrs. Cook and Hochberg. Counsel for Unity Resources, however, has refused to produce these documents.

Mr. Paxton is entitled to these clearly relevant documents. Applying the Fifth Circuit factors found in *Wiwa*, the documents requested are certainly relevant, as they will help to prove the falsity of the claims by the SEC concerning the supposed investment group and its established "policies and procedures." Second, Mr. Paxton needs these documents because Unity Resources itself is the only source of documents related to its involvement in the self-dealing transactions by Messrs. Cook and Hochberg. Third, the document request is narrowly tailored to the relevant issue: the subpoena requests only documents concerning the apparent

self-dealing transactions with Unity Resources, as well as relevant background documents about the entity. Fourth, the request is largely limited to the period of time when Messrs. Cook and Hochberg engaged in apparent self-dealing with Unity Resources. Fifth, the documents are described with particularity, focusing specifically on "the sale of mineral rights to or the purchase of mineral rights by" Messrs. Cook and Hochberg. Finally, because of the narrowness of this request, it will not create a burden or great inconvenience on Unity Resources.[2]

Indeed, to the extent that Unity Resources may have had an undue burden argument, it waived it by failing to follow the written objection process laid out in Federal Rule of Civil Procedure 45. The Federal Rules outline a protocol for objecting to subpoenas: the subpoenaed individual or entity must serve a written objection within fourteen days of the subpoena being served. Fed. R. Civ. P. 45(d)(2)(B). Unity Resources' failure to serve objections results in a waiver of any objections it may have had to the subpoena. *See Andra Grp., LP v. JDA Software Grp., Inc.*, 312 F.R.D. 444, 448 (N.D. Tex. 2015) ("The failure to serve written objections to a subpoena within the time specified by Rule 45(d)(2)(B) typically constitutes a waiver of such objections." (internal quotation marks and alterations omitted)). This Court should grant Mr. Paxton's motion to compel for this reason alone.

---

[2]   In its motion for a protective order, Unity Resources claimed that complying with Mr. Paxton's subpoena would be a burden. *See* Motion for Protective Order at 2 (Dkt. 55). As Mr. Paxton pointed out in his opposition to that motion, however, undue burden is difficult to prove and Unity Resources did nothing in its motion to meet that requirement. Proving undue burden requires a nonparty to meet "the heavy burden of establishing that compliance with the subpoena would be unreasonable and oppressive." *Hussey*, 216 F.R.D. at 596. Mr. Paxton noted that Unity Resources' motion did not state how many documents were at issue, how these documents are stored, and how difficult it would be to access these documents. *See* Defendant Warren K. Paxton, Jr.'s Opposition to Unity Resources LLC's Motion for Protective Order at 10-11 (Dkt. 57). Unity Resources never filed a reply brief to explain how this subpoena is burdensome. It has thus provided no answers to the questions that would allow the Court to determine whether this subpoena is "unreasonable and oppressive."

Mr. Paxton is thus entitled to all documents requested in his subpoena to Unity Resources.[3]

## CONCLUSION

For the foregoing reasons, Mr. Paxton respectfully requests that this Court compel third-party Unity Resources, LLC to produce documents pursuant to a subpoena served on it by Mr. Paxton on December 12, 2016.

Dated: January 31, 2017

Respectfully submitted,

/s/ Matthew T. Martens
Matthew T. Martens
(Lead Counsel)
D.C. Bar No. 1019099
Jaclyn N. Moyer (*pro hac vice*)
D.C. Bar No. 492284
Alyssa DaCunha (pro hac vice)
D.C. Bar No. 1003687
Kevin Gallagher (*pro hac vice*)
D.C. Bar No. 1031415
Wilmer Cutler Pickering Hale and Dorr LLP
1875 Pennsylvania Ave. NW
Washington, DC 20006
Tel: (202) 663-6000
Fax: (202) 663-6363
Matthew.Martens@wilmerhale.com

William B. Mateja
Texas Bar No. 13185350

---

[3] On January 13, 2017, Messrs. Cook and Hochberg filed a four page brief in support of Unity Resources' motion for protective order to "assert their privacy interests" in documents that Unity Resources may produce. *See* Brief in Support of Unity Resources LLC's Motion for Protective Order (Dkt. 71). This was an improper method for intervening to raise any alleged privacy concerns they might have had. The Federal Rules provide that individuals with privacy concerns related to a subpoena can move to quash or modify the subpoena. *See* Fed. R. Civ. P. 45(d)(3)(B) (permitting motion to quash or modify a subpoena to be filed by a person "affected by a subpoena"). They have not done so, however. And the time to do so has passed. *See, e.g*, *Estate of Ungar v. Palestinian Auth.*, 451 F. Supp. 2d 607, 610 (S.D.N.Y. 2006) ("It is well settled that, to be timely, a motion to quash a subpoena must be made prior to the return date of the subpoena.").

- 9 -

        Polsinelli LLP
        2950 N. Harwood
        Suite 2100
        Dallas, TX 75201
        Tel: (214) 754-5751
        Fax: (214) 397-0033
        Mateja@polsinelli.com

        J. Mitchell Little
        Texas Bar No. 24043788
        Scheef & Stone, LLP
        2600 Network Blvd., Ste. 400
        Frisco, TX 75034
        Tel: (214) 472-2140
        Fax: (214) 472-2150
        Mitch.Little@solidcounsel.com

        *Attorneys for Defendant Warren K. Paxton, Jr.*

- 10 -

## **CERTIFICATE OF SERVICE**

     I hereby certify that on January 31, 2017, I electronically filed the foregoing with the Clerk of the Court through the CM/ECF system, which will send notices of electronic filing to all counsel of record. I also emailed a copy of the same to counsel for Unity Resources, LLC.


/s/ Matthew T. Martens
Attorney

- 11 -

**CERTIFICATE OF CONFERENCE**

We hereby certify that on January 27, 2017, we complied with the meet and confer requirement in Local Rule CV-7(h) and determined that this motion will be opposed. Counsel for Mr. Paxton and counsel for Unity Resources, LLC conducted the personal conferences required by this rule via telephone on January 27, 2017 and determined that no agreement could be reached because counsel for Unity Resources refuses to produce the documents requested by Mr. Paxton in full. The discussions have conclusively ended in an impasse, leaving an open issue for the court to resolve.


/s/ Matthew T. Martens
Lead Attorney


/s/ J. Mitchell Little
Local Counsel