**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : |
| Plaintiff, | : |
| v. | : |
| WILLIAM E. MAPP, III, WARREN K. PAXTON, JR., CALEB J. WHITE, and SERVERGY, INC. | Civ. Action No. 4:16-cv-00246 |
| Defendants. | : |

**DECLARATION OF MATTHEW T. MARTENS IN SUPPORT OF
DEFENDANT WARREN K. PAXTON, JR.'S MOTION TO COMPEL
PRODUCTION OF DOCUMENTS FROM THIRD-PARTY UNITY RESOURCES, LLC**

I, Matthew T. Martens, declare and state as follows:

1. I am an attorney licensed to practice law in the District of Columbia. I am a partner at Wilmer Cutler Pickering Hale and Dorr LLP, counsel for Warren K. Paxton, Jr. in the above-captioned case. I make this Declaration to the best of my knowledge, information, or belief and in support of Defendant Warren K. Paxton, Jr.'s Motion to Compel Production of Documents from Third-Party Unity Resources, LLC ("Unity Resources").

- 2 -

2. On January 3, 2017, I spoke by telephone with counsel for Unity Resources, who agreed to provide promptly all the documents requested in the subpoena Mr. Paxton served on Unity Resources.

3. On January 25, 2017, counsel for Unity Resources produced to me a very limited set of documents that did not comply fully with the subpoena Mr. Paxton served on Unity Resources.

4. On January 27, 2017, I met and conferred telephonically with counsel for Unity Resources on the issue of a complete production pursuant to the subpoena Mr. Paxton served on Unity Resources.  Counsel for Unity Resources told me that Unity Resources had identified other documents responsive to the subpoena but did not produce them because counsel for certain of its members had told Unity Resources not to produce any documents that might affect third-parties such as themselves.

5. Attached as Exhibit A is a true and correct copy of a subpoena *duces tecum* served by Mr. Paxton on Unity Resources, LLC, dated December 8, 2016.

I declare under penalty of perjury that the foregoing is true and correct.  Executed this day, January 31, 2017 in Washington, D.C.

- 3 -

    Respectfully submitted,

    /s/ Matthew T. Martens
    Matthew T. Martens
    (Lead Counsel)
    D.C. Bar No. 1019099
    Wilmer Cutler Pickering Hale and Dorr LLP
    1875 Pennsylvania Ave. NW
    Washington, DC 20006
    Tel: (202) 663-6000
    Fax: (202) 663-6363
    Matthew.Martens@wilmerhale.com

    *Attorney for Defendant Warren K. Paxton, Jr.*

# EXHIBIT A

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of Texas

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION<br>*Plaintiff*<br>v.<br>WILLIAM E. MAPP, III, WARREN K. PAXTON, JR., CALEB J. WHITE, and SERVERGY, INC.<br>*Defendant* | )<br>)<br>)  Civil Action No. 4:16-cv-00246<br>)<br>)<br>) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Unity Resources, L.L.C. c/o Mark Mersman, Registered Agent
To be found at 4401 Druid Hills Dr., Frisco, TX 75034

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
　　See Attachment A

| Place: Polsinelli PC<br>2950 N. Harwood Street, Suite 2100<br>Dallas, TX 75201 | Date and Time:<br>12/22/2016 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

　　The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 12/08/2016

　　　　　　*CLERK OF COURT*
　　　　　　　　　　　　　　　　　　　　　　OR　　*/s/ Matt T. M___*
　　_____　　　　_____
　　　　*Signature of Clerk or Deputy Clerk*　　　　　　　　　　*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
Warren K. Paxton, Jr.　　　　　　　　　　　　　　　　　　　　　　, who issues or requests this subpoena, are:
Matthew Martens/1875 Pennsylvania Ave NW/Washington DC 20006/matthew.martens@wilmerhale.com/202-663-6000

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 4:16-cv-00246

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# ATTACHMENT A

## INSTRUCTIONS

1.  This subpoena requires you to produce all responsive documents that are in your actual or constructive possession, custody, or control, or the actual or constructive possession, custody, or control of your attorneys, accountants, representatives, consultants, agents, employees, or anyone else acting on your behalf.

2.  This subpoena is continuing so as to require supplemental or additional responses in accordance with the Federal Rules of Civil Procedure.

3.  You shall produce all responsive documents and things (including any stored by electronic means).

4.  If you object to any Request or part of any Request, produce all documents to which your objection does not apply.

5.  If you maintain that any document requested is protected from disclosure by the attorney-client privilege, the work product doctrine, or any other privilege or doctrine:

    a. identify the document including its date, subject, author(s), recipient(s), and all persons who, to your knowledge, have seen it;

    b. specify the nature of the privilege or doctrine you claim and the grounds for claiming it;

    c. state and describe the basis for claiming the privilege or doctrine; and

    d. produce any non-privileged portion of such document with the portion claimed to be privileged redacted.

6.  If in answering this subpoena you claim any ambiguity in either the request or an applicable definition or instruction, identify in your response the language you consider

ambiguous and state the interpretation you are using in responding.

7. In the event that multiple copies of a document exist, produce every copy on which any notations or markings of any sort not appearing on any other copy appear.

8. If you or your attorney know of the existence, past or present, of any document described in this subpoena, but such document is not presently in your possession, custody, or control, or in the possession, custody, or control of your agents, representatives, or attorneys, identify the document and the individual in whose possession, custody, or control the document was last known to reside. If the document no longer exists, state when, how, and why the document ceased to exist.

9. The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun so used, and vice versa; the use of the masculine form of a pronoun also includes within its meaning the feminine form of the pronoun so used, and vice versa; and the use of any tense of any verb includes also within its meaning all other tenses of the verb so used.

10. The connectives "and" and "or" shall be construed either disjunctively or conjunctively, whichever makes the Request most inclusive.

11. The documents produced in response to this subpoena shall be (a) organized and designated to correspond to the categories in this Request or, if not, (b) produced as they are maintained in the normal course of business, and in either case: (i) all associated file labels, file headings, and file folders shall be produced together with the responsive documents from each file and each file shall be identified as to its owner or custodian; (ii) all documents that cannot be legibly copied shall be produced in their original form; otherwise, you may produce photocopies; (iii) all photocopies shall be stapled or clipped as the originals; and (iv) each page shall be given

a discrete production number.

12. Nothing in this subpoena, or the definitions set forth below, shall be construed as an admission relating to the existence of any evidence, to the relevance or admissibility of any evidence, or to the truth or accuracy of any statement or characterization in the definition.

13. Produce all documents in electronic format. Convert or process all scanned paper, email and native file collections to TIFF files, and include fully searchable text (e.g. OCR) and accompanying Concordance load files. Email and native files should also include linked native files. Load files should include, at a minimum, the following fields: BegBates (Beginning Bates number); EndBates (Ending Bates number); BegAttach (Beginning Bates number of attachment(s)); EndAttach (Ending Bates number of attachment(s)); Custodian; From; To; CC; BCC; Subject; Date Sent; Time Sent; Native Link; Author; Date Created; Time Created; Date Last Modified; and Time Last Modified.

## **DEFINITIONS**

1. "All" means any and all, and shall be construed to include the term "each," and "each" shall be construed to include the term "all."

2. "You" or "your" means Unity Resources, LLC and all agents, attorneys, representatives, and all other persons acting or purporting to act or that have acted or purported to have acted on behalf of any of the foregoing.

3. "Document" is synonymous in meaning and equal in scope to the usage of this term in Rule 34(a) of the Federal Rules of Civil Procedure and shall be construed to mean, without limitation, any written, printed, typed, stored, photostated, photographed, recorded, or otherwise reproduced communication, compilation, or reproduction, including computer or electronically generated or stored information or data, whether privilege is asserted over them or

not. The term "document" also specifically includes all forms of electronic data. A draft or non-identical copy is a separate document within the meaning of this term. For purposes of this subpoena, documents "sufficient to show" means documents that are sufficient to meet Warren K. Paxton, Jr.'s evidentiary burden. Warren K. Paxton, Jr. has requested documents "sufficient to show" in lieu of "all documents" to reduce the burden of responding to this subpoena, and is willing to assist the recipient in identifying such documents.

      4.      "Including" means including without limitation.

      5.      "Unity Resources" means Unity Resources, L.L.C. and all officers, directors, employees, agents, attorneys, representatives, and all other persons acting or purporting to act or that have acted or purported to have acted on behalf of any of the foregoing.

      6.      "Person" means any natural person or any business, legal, or governmental entity or association and the officers, directors, employees, agents, and attorneys thereof.

      7.      "Concerning" shall mean referring to, relating to, describing, evidencing, or constituting.

      8.      The term "related to" includes "referring to," "summarizing," "reflecting," "constituting," "containing," "embodying," "mentioning," "showing," "comprising," "evidencing," "discussing," "describing," and "commenting upon."

      9.      The words "and" and "or" shall be construed conjunctively or disjunctively, whichever makes the request more inclusive, and "any" shall mean each and every.

## DOCUMENTS REQUESTED

### REQUEST NO. 1

Documents sufficient to identify the ownership of Unity Resources from January 2012 through December 2014, including the percentage ownership of each owner.

### REQUEST NO. 2

Documents sufficient to identify the relationship between Unity Resources and any of:

- Unity #9-A, L.L.C.;
- Unity 12-C, L.L.C.;
- Legacy Income Royalty Fund, L.L.C.;
- Cypress Income Fund, L.L.C.; or
- Cypress Income Fund II, L.L.C.

### REQUEST NO. 3

Documents sufficient to identify all members or managers of Unity Resources from January 2012 through December 2014.

### REQUEST NO. 4

All minutes of any meetings of members or managers of Unity Resources held during the period from January 2012 through December 2014.

### REQUEST NO. 5

A true and correct copy of any Unity Resources membership agreement in effect at any time during the period from January 2012 through December 2014.

### REQUEST NO. 6

Documents sufficient to identify any conflict of interest disclosures made by Unity Resources, its members, or its managers to any members or managers of Unity Resources.

**REQUEST NO. 7**

Any documents related to the sale of mineral rights to or the purchase of mineral rights by Byron C. Cook, his family, or other entities owned, in whole or part, or controlled by Byron C. Cook or his family, including but not limited to BK Cook Family Limited Partnership, LP, Ken Cook, Ginnie Cook Davis, or Katie Louise Cook.

**REQUEST NO. 8**

Any documents related to the sale of mineral rights to or purchase of mineral rights by Joel Hochberg, his family, or other entities owned, in whole or part, or controlled by Joel Hochberg or his family, including but not limited to Hochberg Holdings Limited Partnership.

**REQUEST NO. 9**

Any documents related to the sale of mineral rights to or purchase of mineral rights by Trade Rare, LLC.

**REQUEST NO. 10**

Documents sufficient to identify any payments to Byron C. Cook or Joel Hochberg.