**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : |
| | Civ. Action No. 4:16-cv-00246 |
| WILLIAM E. MAPP, III, WARREN K. PAXTON, JR., CALEB J. WHITE, and SERVERGY, INC., | : |
| | : |
| Defendants. | : |
| | : |

---

**DEFENDANT WARREN K. PAXTON, JR.'S OPPOSITION TO UNITY 12-C, LLC'S, UNITY #9-A, LLC'S, LEGACY INCOME ROYALTY FUND'S, CYPRESS INCOME FUND, LLC'S, AND CYPRESS INCOME FUND II, LLC'S MOTION FOR PROTECTIVE ORDERS ON DEFENDANT WARREN K. PAXTON'S SUBPOENAS TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

_____

Defendant Warren K. Paxton, Jr. hereby respectfully requests that the Court deny Unity 12-C, LLC's, Unity #9-A, LLC's, Legacy Income Royalty Fund's, Cypress Income Fund, LLC's, and Cypress Income Fund II, LLC's Motion for Protective Orders on Defendant Warren K. Paxton's Subpoenas to Produce Documents, Information or Objects or to Permit Inspection of Premises in a Civil Action (Dkt. 84).

Dated:  February 27, 2017

Respectfully submitted,

/s/ Matthew T. Martens
Matthew T. Martens (*pro hac vice*)
(Lead Counsel)
D.C. Bar No. 1019099
Jaclyn N. Moyer (*pro hac vice*)
D.C. Bar No. 492284
Alyssa DaCunha (*pro hac vice*)
D.C. Bar No. 1003687
Kevin Gallagher (*pro hac vice*)
D.C. Bar No. 1031415
Wilmer Cutler Pickering Hale and Dorr LLP
1875 Pennsylvania Ave. NW
Washington, DC 20006
Tel: (202) 663-6000
Fax: (202) 663-6363
Matthew.Martens@wilmerhale.com

William B. Mateja
Texas Bar No. 13185350
Polsinelli LLP
2950 N. Harwood
Suite 2100
Dallas, TX 75201
Tel: (214) 754-5751
Fax: (214) 397-0033
Mateja@polsinelli.com

J. Mitchell Little
Texas Bar No. 24043788
Scheef & Stone, LLP
2600 Network Blvd., Ste. 400
Frisco, TX 75034
Tel: (214) 472-2140
Fax: (214) 472-2150
Mitch.Little@solidcounsel.com

*Attorneys for Defendant Warren K. Paxton, Jr.*

**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

|  |  |  |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | | Civ. Action No. 4:16-cv-00246 |
| WILLIAM E. MAPP, III, | : | |
| WARREN K. PAXTON, JR., | | |
| CALEB J. WHITE, and | : | |
| SERVERGY, INC., | | |
| | : | |
| Defendants. | | |
| | : | |
| | : | |

**MEMORANDUM OF LAW IN OPPOSITION TO UNITY 12-C, LLC'S, UNITY #9-A, LLC'S, LEGACY INCOME ROYALTY FUND'S, CYPRESS INCOME FUND, LLC'S, AND CYPRESS INCOME FUND II, LLC'S MOTION FOR PROTECTIVE ORDERS ON DEFENDANT WARREN K. PAXTON'S SUBPOENAS TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

# TABLE OF CONTENTS

**Page**

STATEMENT OF THE ISSUES PRESENTED ............................................................................. 1

INTRODUCTION ......................................................................................................................... 1

BACKGROUND ........................................................................................................................... 2

ARGUMENT ................................................................................................................................. 5

I.      The Unity Investment Vehicles' Motion For A Protective Order Should Be Denied For
Failure To Confer, As Required By This Court's Local Rules ....................................................... 5

II.     The Unity Investment Vehicles Have Failed To Carry Their Burden Of Establishing
Their Entitlement To A Protective Order .................................................................................... 8

CONCLUSION ............................................................................................................................ 13

# TABLE OF AUTHORITIES

Page(s)

## CASES

*Andra Grp., LP v. JDA Software Grp., Inc.*, 312 F.R.D. 444 (N.D. Tex. 2015) ..........................12

*Areda v. S-W Transp., Inc.*, 365 S.W.3d 838 (Tex. Ct. App. 2012) ...............................9

*Cockrum v. Johnson*, 917 F. Supp. 479 (E.D. Tex. 1996) ................................8

*Corby v. Pacific Gas & Elec. Co.*, No. EDCV 16-675, 2017 WL 579883 (C.D. Cal. Feb. 13, 2017)...........................................................7

*Dunbar v. Google, Inc.*, No. 5:10-CV-194, 2011 WL 12906349 (E.D. Tex. July 25, 2011) ......................................................................7

*Ferko v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 218 F.R.D. 125 (E.D. Tex. 2003) .....................................................................8

*Hussey v. State Farm Lloyds Ins. Co.*, 216 F.R.D. 591 (E.D. Tex. 2003) ................................8, 11

*In re DMCA Subpoena to eBay, Inc.*, No. 15cv922, 2015 WL 3555270 (S.D. Cal. June 5, 2015)...................................................................11

*Landry v. Air Line Pilots Ass'n*, 901 F.2d 404 (5th Cir. 1990)........................................8

*Maxey v. Gen'l Motors Corp.*, No. CIV. A. 3:95CV60-D-A, 1996 WL 692222 (N.D. Miss. Nov. 18, 1996) ..............................................5

*Morrison v. Walker*, No. 1:13-CV-327, 2014 WL 11512240 (E.D. Tex. Dec. 2, 2014) ...........................................................6, 8, 11

*Norton v. Assisted Living Concepts, Inc.*, 786 F. Supp. 2d 1173 (E.D. Tex. 2011) ...................6, 8

*Orchestrate HR, Inc. v. Trombetta*, No. 3:13-cv-2110-P, 2015 WL 1565716 (N.D. Tex. Apr. 8, 2015)...........................................................5

*Progressive Cas. Ins. Co. v. FDIC*, 302 F.R.D. 497 (N.D. Iowa 2014) ........................................11

*United States v. AT&T Inc.*, No. 1:11-cv-01560, 2011 WL 5347178 (D.D.C. Nov. 6, 2011) ...................................................................11

*United States v. Chestman*, 947 F.2d 551 (2d Cir. 1991) (en banc) ...............................9

*United States v. Garrett*, 571 F.2d 1323 (5th Cir. 1978) ................................8

*United States v. Int'l Bus. Machs. Corp.*, 70 F.R.D. 700 (S.D.N.Y. 1976) .....................5

**RULES**

Page(s)

Federal Rule of Civil Procedure 26 ........................................................................................5, 6, 8

Federal Rule of Civil Procedure 45 ........................................................................................12

Local Rule CV-7 ........................................................................................1, 5, 6, 8

## STATEMENT OF THE ISSUES PRESENTED

1.     Whether counsel for Unity 12-C, LLC, Unity #9-A, LLC, Legacy Income Royalty Fund, Cypress Income Fund, LLC, and Cypress Income Fund II, LLC met and conferred with counsel for Mr. Paxton, as required by Local Rule CV-7(h), before filing their motion for protective orders?

2.     Whether Unity 12-C, LLC, Unity #9-A, LLC, Legacy Income Royalty Fund, Cypress Income Fund, LLC, and Cypress Income Fund II, LLC should be granted blanket protective orders with regard to Mr. Paxton's subpoenas *duces tecum*?

## INTRODUCTION

The Securities and Exchange Commission ("SEC") has sued Mr. Paxton, alleging that he defrauded Servergy investors Investor 1 (Byron C. Cook) and Investor 2 (Joel Hochberg) by failing to disclose to them a commission offered for recruiting Servergy investors.  The SEC contends that Mr. Paxton had a fiduciary duty to disclose the offer of a commission because he was a member of an investment group with Messrs. Cook and Hochberg that had established "policies and practices" of investing on an "equal dollar-for-dollar basis" with no member "benefit[ing] off of the investment of another member."

For the reasons set forth in Mr. Paxton's most recent Motion to Dismiss, this disclosure theory is legally deficient.  And if the case proceeds to trial, Mr. Paxton will prove that it is built on a lie.  Central to Mr. Paxton's ability to demonstrate the falsity of the SEC's allegations is evidence that Messrs. Cook and Hochberg have themselves engaged in self-dealing transactions with companies in which they and Mr. Paxton invested, thus disproving the existence of the claimed established policy and practice of investing only on an equal dollar-for-dollar basis with no member benefiting off of the investment of another member.

While Messrs. Cook and Hochberg have been resisting discovery into this issue, one

example of their self-dealing that Mr. Paxton's defense team has nonetheless uncovered is the Unity Resources, LLC ("Unity Resources") transaction.   In or about 2008, Messrs. Cook, Hochberg, and Paxton each individually invested in Unity Resources.   Thereafter, Messrs. Cook and Hochberg engaged in several mineral rights flip transactions in which they (either personally or through entities they controlled) purchased mineral rights on various tracts of land in Oklahoma and then, within a few months, resold these mineral rights to Unity Resources or its affiliates, including Unity 12-C, LLC, Unity #9-A, LLC, Legacy Income Royalty Fund, Cypress Income Fund, LLC, and Cypress Income Fund II, LLC (collectively, the "Unity investment vehicles").

Mr. Paxton, through his counsel, has subpoenaed documents from the Unity investment vehicles to determine the extent of the self-dealing by Messrs. Cook and Hochberg and whether they disclosed the same.   The subpoenaed documents are directly relevant to proving the falsity of the claims by Messrs. Cook and Hochberg (and the SEC) concerning the supposed investment group.   The Unity investment vehicles' motion for protective orders seeks to block these subpoenas in their entirety, raising largely conclusory arguments in the process.   What is more, the Unity investment vehicles failed to serve timely objections to the subpoena and made no effort to confer with Mr. Paxton's counsel, as the Federal Rules of Civil Procedure and this Court's Local Rules require, before filing their motion for protective orders.   Accordingly, the Unity investment vehicles' motion for protective orders should be denied.

## BACKGROUND

On April 11, 2016, the SEC filed a complaint against Mr. Paxton ("Complaint"), among others, alleging that he had defrauded actual and potential investors in Servergy by failing to disclose a commission allegedly offered to him for soliciting potential investors.  *See* Complaint (Dkt. 1).  In particular, the Complaint alleged that unnamed Investors 1 and 2 were members of

an "investment group" with Mr. Paxton and were defrauded by him.  *See id.* ¶¶ 78, 80-83.  Mr. Paxton filed a Motion to Dismiss the SEC's Complaint, arguing that it failed to state a claim because it failed to allege a legally cognizable duty on the part of Mr. Paxton to disclose the alleged commission.  By Order dated October 7, 2016, the Court conditionally granted Mr. Paxton's Motion to Dismiss.  *See* Order (Dkt. 39).

On October 21, 2016, the SEC filed an Amended Complaint, for the first time alleging that there was a 25-year-old "investment group" consisting of Investors 1, 2, 3, and 4; that the group had certain "established . . . policies, and practices"; that in recent years Mr. Paxton "participate[d] in investments with the investment group"; and that Investor 1 (Mr. Cook) expressly informed Mr. Paxton of the investment group's "established policies."  *See* Amended Compl. ¶¶ 77, 78 (Dkt. 40).  Among the supposed established policies of the group was that members participating in an investment deal did so on an "'equal dollar-for-dollar basis,' in which everyone takes the same risk and receives the same benefit, and that no one member makes money or otherwise benefits off of the investment of another member."  *Id.* ¶ 77.  In other words, according to the SEC, Mr. Paxton "was expressly informed [by Mr. Cook] that ***personal side deals*** were forbidden."  Plaintiff's Response in Opposition to Respondent Warren K. Paxton, Jr.'s Motion to Dismiss ("SEC Opp.") at 9 (Dkt. 45) (emphasis added).

Given the SEC's allegations, evidence that Messrs. Cook and Hochberg engaged in self-dealing transactions with entities in which they and Mr. Paxton invested would be relevant both to impeach their credibility as witnesses and to disprove the allegation that Mr. Paxton had a fiduciary duty arising out of his membership in an investment group with the claimed established policies and practices.  Mr. Paxton's defense team has already uncovered some evidence of self-dealing by Messrs. Cook and Hochberg with regard to an entity known as Unity Resources, in

which Messrs. Cook, Hochberg, Paxton, and others were investors.  Messrs. Cook and Hochberg, through entities they are believed to control, purchased mineral rights in various parcels of land throughout Oklahoma.  A few months later, those entities sold the mineral rights to Unity Resources or entities believed to be affiliated with Unity Resources, such as the Unity investment vehicles.  Mr. Paxton set out representative examples of these mineral rights flips in his recent opposition to a motion for a protective order filed by Unity Resources.  *See* Defendant Warren K. Paxton, Jr.'s Opposition to Unity Resources LLC's Motion for Protective Order at 3-4 (Dkt. 57).  These side deals by Messrs. Cook and Hochberg put the lie to the SEC's allegation that there was any investment group with the alleged policies and practices.

Messrs. Cook and Hochberg were recently sued for fraud and breach of fiduciary duty for their conduct with regard to those mineral flip transactions.  What is more, the Unity Resources membership agreement signed by Messrs. Cook and Hochberg provides for the disclosure to the other members, managers, and officers of self-dealing transactions with Unity Resources.  *See* Amended and Restated Company Agreement of Unity Resources, LLC at 16-17 (Dkt. 57-3).

In an effort to uncover the full extent of this self-dealing by Messrs. Cook and Hochberg, Mr. Paxton planned to serve on the Unity investment vehicles subpoenas *duces tecum* for a few categories of documents.  On January 27, 2017, counsel for Mr. Paxton called counsel for the Unity investment vehicles (who also represents Unity Resources) to meet and confer on whether the sides had reached an impasse on the production of documents from Unity Resources such that a motion to compel would be necessary.  *See* Ex. 1 – Declaration of Matthew T. Martens ("Martens Decl.") ¶ 2.  Counsel for Mr. Paxton also noted that he planned to serve subpoenas on the Unity investment vehicles and asked counsel for those vehicles whether he was willing to accept service of the subpoenas by email.  *Id.* ¶ 3.  Counsel for the Unity investment vehicles

agreed to accept service of the subpoenas by email, but never mentioned filing a motion for protective orders. *Id.* ¶¶ 3, 4.

On February 1, 2017, counsel for Mr. Paxton served subpoenas *duces tecum* on the Unity investment vehicles. *See* Exhibit C (Dkt. 84-4). On February 13, 2017, the Unity investment vehicles filed a motion for protective orders from these subpoenas.[1] This opposition follows.

## ARGUMENT

The Court should deny the Unity investment vehicles' motion for a protective order for two reasons. First, the Unity investment vehicles failed to comply with this Court's meet and confer requirement, which is, by itself, grounds for denial of the motion. Second, even if the Unity investment vehicles had complied with this Court's meet and confer requirement, the Unity investment vehicles have not carried their burden to show that a protective order is necessary. Indeed, their motion relies on frivolous arguments and is devoid of the specifics needed as to why a protective order would be appropriate under these circumstances, as required by Federal Rule of Civil Procedure 26.

**I.     The Unity Investment Vehicles' Motion For A Protective Order Should Be Denied For Failure To Confer, As Required By This Court's Local Rules**

Local Rule CV-7(h) provides that "a request for court intervention is not appropriate until the participants have met and conferred, in good faith, and concluded, in good faith, that the

---

[1]     It is not clear that the Unity investment vehicles' motion was timely. Mr. Paxton's subpoenas listed a return date of February 13, 2017, and the Unity investment vehicles filed their motion for protective orders pursuant to Federal Rule of Civil Procedure 26(c) on February 13, 2017. "Such motions under Rule 26(c) must be served before the date set for production." *United States v. Int'l Bus. Machs. Corp.*, 70 F.R.D. 700, 701 (S.D.N.Y. 1976); *see also Orchestrate HR, Inc. v. Trombetta*, No. 3:13-cv-2110-P, 2015 WL 1565716, at *2 (N.D. Tex. Apr. 8, 2015) ("A motion for a Rule 26(c) protective order is not timely if it is filed after the date or time set for the discovery at issue."); *Maxey v. Gen'l Motors Corp.*, No. CIV. A. 3:95CV60-D-A, 1996 WL 692222, at *1 (N.D. Miss. Nov. 18, 1996) (holding that because a motion for protective order "was filed after its deadline to respond to [the] request for production of documents" it was therefore "untimely as it was not made prior to the deadline for the discovery in question").

discussions have conclusively ended in an impasse, leaving an open issue for the court to resolve."[2]  "The meet and confer requirement of the Local Rules is not a perfunctory obligation." *Morrison v. Walker*, No. 1:13-CV-327, 2014 WL 11512240, at *2 (E.D. Tex. Dec. 2, 2014). "Rather, it ensures that the court does not waste its resources deciding motions where, if the parties had thoroughly discussed the matter, a resolution could have been reached."  *Id.*  "In addition, by requiring the parties to explain why no agreement was reached, it helps narrow the issues and allows the court to focus its energy on deciding truly contested matters."  *Id.*  Failure to confer as required is alone a basis for denial of a motion.  *See Norton v. Assisted Living Concepts, Inc.*, 786 F. Supp. 2d 1173, 1188 (E.D. Tex. 2011) ("Because the court finds that [Defendant] apparently has not complied with Local Rule CV-7(h), [its motion] is DENIED."); *Morrison*, 2014 WL 11512240, at *4 ("The court also STRIKES [the motion] for failure to comply with the meet and confer requirement of the Local Rules.").[3]

The duty to confer is waived only where the opposing party acts in bad faith.  *See* Local Rule CV-7(h) ("A party may file an opposed motion without the required conference only when the non-movant has acted in bad faith by failing to meet and confer.").  The Local Rules also require the party claiming a bad faith refusal to confer to set out the facts outlining such bad faith in its certificate of conference.  *See* Local Rule CV-7(i) ("In situations involving an unreasonable failure to meet and confer, the movant shall set forth in the certificate of conference the facts

---

[2]    Federal Rule of Civil Procedure 26(c)(1) similarly requires a party filing a motion for a protective order to "include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action."

[3]    Failure to comply with the obligation to confer is also a basis for disciplinary action against counsel.  *See* Local Rule CV-7(h) ("An unreasonable failure to meet and confer violates Local Rule AT-3 and is grounds for disciplinary action.").  Mr. Paxton notes that this is the second time in as many attempts that this counsel has filed a motion and failed to comply with this Court's meet and confer requirement.  *See* Defendant Warren K. Paxton, Jr.'s Opposition to Unity Resources LLC's Motion for Protective Order at 6-8 (Dkt. 57).

believed to constitute bad faith.").

Counsel for the Unity investment vehicles failed to comply with the meet and confer requirement of the Local Rules.  The unsworn certificate of conference attached to the Unity investment vehicles' motion states that counsel for the Unity investment vehicles conferred with counsel for Mr. Paxton on January 27, 2017 "via telephone, regarding the above motion."  Unity 12-C, LLC's, Unity #9-A, LLC's, Legacy Income Royalty Fund's, Cypress Income Fund, LLC's, and Cypress Income Fund II, LLC's Motion for Protective Orders on Defendant Warren K. Paxton's Subpoenas to Produce Documents, Information or Objects or to Permit Inspection of Premises in a Civil Action ("Unity Motion") at 6 (Dkt. 84).  This never happened.  Counsel for Mr. Paxton and counsel for the Unity investment vehicles discussed two topics during their call on January 27, 2017: (1) whether the sides had reached an impasse on the production of documents from Unity Resources such that a motion to compel would be necessary, and (2) whether counsel for the Unity investment vehicles would be willing to accept service via email of subpoenas on those investment vehicles.  *See* Martens Decl. ¶¶ 2, 3.  Counsel for the Unity investment vehicles never mentioned filing any motion,[4] and thus the sides never had an opportunity to discuss the matter and attempt to reach an agreement.

The only exception to the meet and confer requirement is if the Unity investment vehicles

---

[4]     The closest counsel for the Unity investment vehicles came to discussing the instant motion is when he noted that he would likely receive the same objections to producing documents from investors in the Unity investment vehicles as he did from investors in Unity Resources.  *See* Martens Decl. ¶ 3.  He never, however, mentioned filing a motion.  The meet and confer requirement necessitates a specific discussion about a proposed motion prior to filing said motion.  *See, e.g.*, *Corby v. Pacific Gas & Elec. Co.*, No. EDCV 16-675, 2017 WL 579883, at *3 (C.D. Cal. Feb. 13, 2017) ("[T]he purpose of the meet and confer requirement is to discuss a potential motion."); *cf. Dunbar v. Google, Inc.*, No. 5:10-CV-194, 2011 WL 12906349, at *1 (E.D. Tex. July 25, 2011) (ordering party to show cause as to why it should not be sanctioned for failing to meet and confer in case where "Google's counsel objected to the disclosure of the subject matter of Dr. Nielson's internship with Google but did not suggest that Google would move to disqualify Dr. Nielson").

"set forth in the certificate of conference the facts believed to constitute bad faith."  Local Rule CV-7(i).  Counsel for the Unity investment vehicles has made no such claim, nor could it.  The Unity investment vehicles have thus failed to comply with this Court's meet and confer requirement.  Because of this failure, this Court should deny the Unity investment vehicles' motion for protective orders.  *See Norton*, 786 F. Supp. 2d at 1188 ("Because the court finds that [Defendant] apparently has not complied with Local Rule CV-7(h), [its motion] is DENIED."); *Morrison*, 2014 WL 11512240, at *4 ("The court also STRIKES [the motion] for failure to comply with the meet and confer requirement of the Local Rules.").

## II.    The Unity Investment Vehicles Have Failed To Carry Their Burden Of Establishing Their Entitlement To A Protective Order

A party seeking a Rule 26(c) protective order "must establish good cause and a specific need for protection."  *Ferko v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 218 F.R.D. 125, 133 (E.D. Tex. 2003) (citing *Landry v. Air Line Pilots Ass'n*, 901 F.2d 404, 435 (5th Cir. 1990)). "'Good cause' exists when justice requires the protection of a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  *Id.* (internal quotation marks omitted).  "The burden is upon the movant to prove the necessity of a protective order, 'which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements.'"  *Id.* (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)).  "The court is required to balance the competing interests of allowing discovery and protecting . . . from undue burdens."  *Hussey v. State Farm Lloyds Ins. Co.*, 216 F.R.D. 591, 596 (E.D. Tex. 2003); *see also Cockrum v. Johnson*, 917 F. Supp. 479, 481 (E.D. Tex. 1996) ("Framing an appropriate protective order necessarily entails consideration of the needs of the party seeking the discovery.").

As most of the Unity investment vehicles' motion is comprised of "stereotyped and conclusory statements," the Unity investment vehicles have provided this Court with little justification for their requests for protective orders, and certainly have not met their burden to show good cause and specific need.  First, the Unity investment vehicles make a conclusory claim that the subpoenas seek "information that is not relevant to any claim or defense of the case."  Unity Motion at 3.  This claim is frivolous.  The SEC's case hinges on the existence of a fiduciary relationship giving rise to a duty to disclose under the federal securities laws.  *See* Order at 7 (Dkt. 39) (noting that the "central issue in this case is whether Paxton had a duty to disclose his compensation under federal securities laws").  To make out such a relationship with the alleged investment group, the SEC intends to argue that Mr. Paxton was "expressly informed that personal side deals were forbidden, and continued to participate with the group and abide by its policies."  SEC Opp. at 9.  Assuming *arguendo* this theory is legally viable and has been pled with the requisite particularity,[5] documents concerning "personal side deals" or "self-dealing" would go to the core of the SEC's theory of the case.  The documents that Mr. Paxton has subpoenaed in an effort to uncover the extent of self-dealing by Messrs. Cook and Hochberg with regard to Unity Resources are directly relevant to disproving this core allegation of the Amended Complaint.

---

[5]     As set out in Mr. Paxton's Motion to Dismiss, this theory is not legally viable, nor has the SEC set forth its allegations with sufficient particularity.  A duty to disclose requires the existence of a fiduciary duty, which under either federal or Texas state law requires dominance or control by Mr. Paxton over Messrs. Cook and Hochberg.  *See, e.g.*, *United States v. Chestman*, 947 F.2d 551, 568-69 (2d Cir. 1991) (en banc) ("At the heart of the fiduciary relationship lies reliance, and de facto control and dominance." (internal quotation marks and alterations omitted)); *Areda v. S-W Transp., Inc.*, 365 S.W.3d 838, 841 (Tex. Ct. App. 2012) ("A person is justified in placing confidence in the belief that another party will act in his best interest **only** where he is accustomed to being guided by the other party's judgment and advice and there exists a long association in a business relationship as well as a personal friendship." (emphasis added)).  Nothing of the sort has been alleged here in the Amended Complaint.  However, pending a ruling on his Motion to Dismiss, Mr. Paxton has no option but to pursue discovery on the theory alleged as though it were viable and pled with particularity.

Equally frivolous is the Unity investment vehicles' claim that Mr. Paxton should obtain the requisite documents from Messrs. Cook and Hochberg.  Unity Motion at 2.  Mr. Paxton can separately seek documents related to the Unity investment vehicles that are within Messrs. Cook and Hochberg's possession, custody, or control.  His subpoena directed to the Unity investment vehicles, however, intends to discover documents related to the self-dealing transactions that are in the Unity investment vehicles' possession, custody, or control.  And the documents sought from Unity Resources may well not be in the possession of Messrs. Cook and Hochberg.  At a minimum, there is no record evidence before this Court that the subpoenaed documents are in the possession, custody, or control of Messrs. Cook and Hochberg.

The Unity investment vehicles also contend that Mr. Paxton's subpoenas implicate privacy concerns.  *Id.* at 3.  But the investment vehicles have no standing to raise these concerns.  In any event, those concerns are alleviated by the subpoenas themselves and by the Protective Order entered in this litigation.   The subpoenas specifically provide for the withholding of privileged information.  *See* Exhibit C, Attachment A at ¶ 5 (Dkt. 84-4) (each subpoena describing procedures for withholding privileged documents).  And the subpoenas provide notice of the availability of a protective order (to which counsel for the Unity investment vehicles agreed), under which a subpoena recipient can designate information as Confidential or Highly Confidential.  *See* Exhibit C, Attachment A at ¶ 14 (Dkt. 84-4) (each subpoena stating that the "Court has entered a protective order in this litigation governing any document, information, or other thing furnished by any nonparty who receives a subpoena in connection with this action").  Information so designated "may only be used for purposes of preparation, trial, and appeal of this action or the Texas state criminal prosecution of Warren K. Paxton, Jr."  Protective Order at 4

(Dkt. 70).   Thus, any privacy concerns can be addressed by these measures, not by a wholesale denial of access to the documents.

Finally, the Unity investment vehicles claim that complying with the subpoena would be a burden.[6]  But counsel for the Unity investment vehicles never met and conferred with counsel for Mr. Paxton, thus never giving Mr. Paxton a chance to address these concerns.  *See Morrison* 2014 WL 11512240, at *2 (noting that the purpose of the meet and confer requirement is to ensure "that the court does not waste its resources deciding motions where, if the parties had thoroughly discussed the matter, a resolution could have been reached").   Mr. Paxton is more than willing to narrow his requests, including by removing categories of documents that would be irrelevant or burdensome to produce.   These efforts would alleviate any undue burden on the Unity investment vehicles.[7]  *See, e.g.*, *Progressive Cas. Ins. Co. v. FDIC*, 302 F.R.D. 497, 505 (N.D. Iowa 2014) (holding that "while the original scope of the subpoena was quite broad," a party's "reasonable steps to narrow that scope" eliminated "any undue burden"); *United States v. AT&T Inc.*, No. 1:11-cv-01560, 2011 WL 5347178, at *4 (D.D.C. Nov. 6, 2011) ("AT&T's recent efforts to narrow its subpoena satisfy its obligation to 'take reasonable steps' to reduce Sprint's burden of production.").

---

[6]     The Unity investment vehicles also claim that requests that ask for "documents sufficient to identify" are "objectionably worded."   Unity Motion at 2.   To the contrary, courts have noted that requesting documents "sufficient to identify" information helps to alleviate the burden of a subpoena.   *See, e.g.*, *In re DMCA Subpoena to eBay, Inc.*, No. 15cv922, 2015 WL 3555270, at *4 (S.D. Cal. June 5, 2015) ("The Court agrees with eBay that this subpoena is overbroad to the extent that it calls for the production of information that is more than sufficient to identify alleged infringers.   It is not necessary for eBay to provide 'all' identifying information for these users; eBay must, however, produce from its records information 'sufficient' to identify these alleged infringers.").

[7]     Undue burden is difficult to prove, requiring the Unity investment vehicles to meet "the heavy burden of establishing that compliance with the subpoena would be unreasonable and oppressive."   *Hussey*, 216 F.R.D. at 596 (internal quotation marks omitted).

Instead of filing a motion for a protective order, the Unity investment vehicles should have complied with the protocol laid out in the Federal Rules of Civil Procedure: they should have served written objections within fourteen days of the subpoenas being served and then conferred regarding the same.   Fed. R. Civ. P. 45(d)(2)(B).   The Unity investment vehicles' failure to serve objections results in a waiver of any objections it may have had to the subpoena. *See Andra Grp., LP v. JDA Software Grp., Inc.*, 312 F.R.D. 444, 448 (N.D. Tex. 2015) ("The failure to serve written objections to a subpoena within the time specified by Rule 45(d)(2)(B) typically constitutes a waiver of such objections." (internal quotation marks and alterations omitted)).

In sum, the Unity investment vehicles waived objections to Mr. Paxton's subpoena by failing to follow the written objection process laid out in Federal Rule of Civil Procedure 45. Even had the investment vehicles followed this procedure, they have not met their burden of establishing good cause and a specific need for protection.   Their motion for protective orders is light on details, even though it is required to make a particular and specific demonstration of the necessity of a protective order.   On the other side of the balance, however, Mr. Paxton has a demonstrated need for the discovery, as the subpoenaed documents will likely assist in disproving the very linchpin of the SEC's case.   Accordingly, this Court should reject the Unity investment vehicles' conclusory motion for protective orders.[8]

---

[8]      Because the Unity investment vehicles did not follow the procedure of Rule 45(d)(2)(B), and thereby waived their objections to the subpoena, if this Court denies the Unity investment vehicles' motion for a protective order, the Unity investment vehicles can be held in contempt of court if they do not promptly produce the subpoenaed documents.   *See* Fed. R. Civ. P. 45(g) ("The court for the district where compliance is required . . . may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena.").

## CONCLUSION

For the foregoing reasons, Mr. Paxton respectfully requests that this Court deny Unity

12-C, LLC's, Unity #9-A, LLC's, Legacy Income Royalty Fund's, Cypress Income Fund,

LLC's, and Cypress Income Fund II, LLC's Motion for Protective Orders on Defendant Warren

K. Paxton's Subpoenas to Produce Documents, Information or Objects or to Permit Inspection of

Premises in a Civil Action.[9]


Dated:  February 27, 2017                              Respectfully submitted,

                                                       /s/ Matthew T. Martens
                                                       Matthew T. Martens
                                                       (Lead Counsel)
                                                       D.C. Bar No. 1019099
                                                       Jaclyn N. Moyer (*pro hac vice*)
                                                       D.C. Bar No. 492284
                                                       Alyssa DaCunha (pro hac vice)
                                                       D.C. Bar No. 1003687
                                                       Kevin Gallagher (*pro hac vice*)
                                                       D.C. Bar No. 1031415
                                                       Wilmer Cutler Pickering Hale and Dorr LLP
                                                       1875 Pennsylvania Ave. NW
                                                       Washington, DC 20006
                                                       Tel: (202) 663-6000

---

[9]     The Unity investment vehicles' request for alternative relief found in the last paragraph of their motion should also be denied as frivolous and duplicative.  First, they request that the Court require Mr. Paxton to subpoena Messrs. Cook and Hochberg directly.  Unity Motion at 4. As discussed above, Mr. Paxton seeks documents about transactions with Messrs. Cook and Hochberg that are in the possession, custody, or control of the Unity investment vehicles; he can separately seek the documents in the possession, custody, or control of Messrs. Cook and Hochberg.  Second, they request that the Court craft a protective order forbidding inquiry into the side-deal transactions.  *Id.*  As discussed above, documents concerning such side deals are clearly relevant and go to the core allegation of the SEC's Amended Complaint.  Finally, they request that the Court craft a protective order that "requires that confidential commercial information not be revealed or be revealed only in a specified way."  *Id.*  The Court has already done so, in a Protective Order to which counsel for the Unity investment vehicles agreed.  *See* Protective Order at 4 (Dkt. 70) ("Confidential or Highly Confidential Information may only be used for purposes of preparation, trial, and appeal of this action or the Texas state criminal prosecution of Warren K. Paxton, Jr.  Confidential or Highly Confidential Information may not be used under any circumstances for any other purpose."); *id.* at 1 ("The Protective Order governs any document, information, or other thing furnished by any nonparty who receives a subpoena in connection with this action.").

Fax: (202) 663-6363
Matthew.Martens@wilmerhale.com

William B. Mateja
Texas Bar No. 13185350
Polsinelli LLP
2950 N. Harwood
Suite 2100
Dallas, TX 75201
Tel: (214) 754-5751
Fax: (214) 397-0033
Mateja@polsinelli.com

J. Mitchell Little
Texas Bar No. 24043788
Scheef & Stone, LLP
2600 Network Blvd., Ste. 400
Frisco, TX 75034
Tel: (214) 472-2140
Fax: (214) 472-2150
Mitch.Little@solidcounsel.com

*Attorneys for Defendant Warren K. Paxton, Jr.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 27, 2017, I electronically filed the foregoing with the Clerk of the Court through the CM/ECF system, which will send notices of electronic filing to all counsel of record.

/s/ Matthew T. Martens
Attorney