# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION | § § § § § § § § | Civil Action No. 4:16-CV-00246<br>Judge Mazzant |
| v. | | |
| WILLIAM E. MAPP, III | | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant's Motion for Reconsideration (Dkt. #149). After reviewing the relevant pleadings, the Court finds that the motion should be denied.

## BACKGROUND

The issue before the Court concerns the Court's decision not to dismiss the Securities and Exchange Commission's ("SEC") scheme liability claims in full against Defendant William E. Mapp, III ("Mapp") for alleged violations of Sections 17(a)(1), (3) of the Securities Act and Rule 10b-5(a), (c) of the Exchange Act. On September 29, 2017, Mapp filed a Motion for Judgment on the Pleadings (Dkt. #112). On November 9, 2017, the Court entered a Memorandum Opinion and Order (the "Opinion"), in which it granted in part and denied in part Mapp's motion (Dkt. #142).

On November 16, 2017, Mapp filed his Motion for Reconsideration (Dkt. #149). On November 30, 2017, the SEC filed its response (Dkt. #157).

## LEGAL STANDARD

A motion seeking "reconsideration" may be construed under either Federal Rule of Civil Procedure 59(e) or 60(b). *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 n. 1 (5th Cir. 2004); *see also Milazzo v. Young*, No. 6:11-cv-350-JKG, 2012 WL 1867099, at *1 (E.D. Tex. May 21, 2012). Such a motion "'calls into question the correctness of a judgment.'" *Templet v. HydroChem Inc.*,

367 F.3d 473, 478 (5th Cir. 2004) (quoting *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)).

"If a motion for reconsideration is filed within 28 days of the judgment or order of which the party complains, it is considered to be a Rule 59(e) motion; otherwise, it is treated as a Rule 60(b) motion." *Milazzo*, 2012 WL 1867099, at *1; *see Shepherd*, 372 F.3d at 328 n. 1; *Berge Helene Ltd. v. GE Oil & Gas, Inc.*, No. H-08-2931, 2011 WL 798204, at *2 (S.D. Tex. Mar. 1, 2011)). Mapp filed his motion for reconsideration within 28 days of the order that denied in part Mapp's Motion for Judgment on the Pleadings; therefore, the motion will be considered a Rule 59(e) motion.

A Rule 59(e) motion is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet*, 367 F.3d at 479 (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). "Rule 59(e) 'serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence.'" *Id.* (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)). "Relief under Rule 59(e) is also appropriate when there has been an intervening change in the controlling law." *Milazzo*, 2012 WL 1867099, at *1 (citing *Schiller v. Physicians Res. Grp.*, 342 F.3d 563, 567 (5th Cir. 2003)). "Altering, amending, or reconsidering a judgment is an extraordinary remedy that courts should use sparingly." *Id.* (citing *Templet*, 367 F.3d at 479). "The alternative, Federal Rule of Civil Procedure 60(b)(6) states, "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: . . . (6) any other reason that justifies relief." *Id.*

## ANALYSIS

On November 9, 2017, the Court issued its Opinion declining to dismiss the SEC's scheme liability claims in full (Dkt. #142). The Court concluded that "[c]onducting a lab test in isolation to achieve an intended result may constitute a deceptive act in itself that had 'the principal purpose and effect of creating a false appearance of fact' about Servergy and the CTS-1000." (Dkt. #142 at p. 12–13). The Court found scheme liability was adequately alleged in the Amended Complaint based on "Mapp's actions in hiring lab technicians to test CTS-1000's utility and potentially directing them to manipulate the testing to achieve an intended result." (Dkt. #142 at p. 12–13).

Mapp argues that such a theory is not alleged in the Amended Complaint because the SEC has never contended that the October 2010 lab test was manipulated or was independently fraudulent. According to Mapp, the Amended Complaint only alleges that Mapp and Servergy made misrepresentations regarding the results of the lab test. Mapp argues that because this theory was not raised by the Commission in its Response, he did not have an opportunity to address it prior to issuance of the Opinion.

In its Amended Complaint, the SEC alleged that:

> Not only were Mapp's and Servergy's power and thermal output claims baseless and false, but they also falsely represented to investors that an independent lab confirmed the claims. In reality, the lab they touted did not conduct comparable testing pitting the CTS-1000 against other servers. Instead, in October 2010, the lab merely tested the power consumption and thermal output of an early CTS-1000 prototype board in isolation rather than in comparison to any other server.

(Dkt. #40 at ¶ 57).

The SEC further alleged that Mapp had his staff run tests in the presence of investors that were intended to cast the CTS-1000 in a favorable light, despite knowing that the servers were not comparable:

> Once prospective investors were identified, Mapp hosted presentations, in person and virtually through webinars, pitching opportunities to invest in Servergy. During those presentations, he made materially misleading claims about the state of Servergy's technology and its business prospects, and conducted a live demonstration juxtaposing the CTS-1000's power efficiency with a Dell server that Mapp falsely claimed was a comparable product.

(Dkt. #40 at ¶ 16). Furthermore, in its response to Mapp's Motion for Judgment on the Pleadings, the SEC stated in support of its scheme liability claims that Mapp "conducted a live demonstration 'juxtaposing the CTS-1000's power efficiency with a Dell server' that was not a comparable product." (Dkt. #119 at p. 4).

Again, "[t]he central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief." (Dkt. #142 at p. 5) (quoting *Hughes v. Tobacco Inst., Inc.*, 278 F.3d 417, 420 (5th Cir. 2001)). Taking the Amended Complaint in the light most favorable to the SEC, the Amended Complaint adequately alleges scheme liability based on an alleged manipulated lab test and/or demonstration with a Dell server. It can be inferred from the Amended Complaint that a lab "not conduct[ing] comparable testing pitting the CTS-1000 against other servers" can be considered a lab test designed "to achieve an intended result." Additionally, because the lab test results might not have been necessarily false, a lab test designed to achieve an intended result can be considered an act with the principle purpose and effect of creating a false appearance of fact (Dkt. #40 at ¶ 57). This live demonstration is also reiterated in its response to Mapp's motion (Dkt. #119 at p. 4). Thus, the Court finds that Mapp had notice of the alleged conduct in both the Amended Complaint and the SEC's response to provide him with an opportunity to address those contentions prior to the issuance of the Opinion.

The Court finds that Defendant has not presented any issue that requires the Court to reconsider its previous determination. *See Templet*, 367 F.3d at 479 (A Rule 59(e) motion is "not

4

the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment."). Defendant has not presented either (1) an intervening change in the controlling law; (2) newly discovered evidence; or (3) a manifest error of law or fact. Instead, Defendant merely rehashes arguments that could have been offered or raised in its Motion for Judgment on the Pleadings. As such, the Court finds that its original decision should stand, and Mapp's motion for reconsideration is denied.

## CONCLUSION

It is therefore **ORDERED** that Defendant's Motion for Reconsideration (Dkt. #149) is hereby **DENIED**.

**SIGNED** this 11th day of December, 2017.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE